IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. TODD,<br><br>        Plaintiff,<br>v.<br><br>A. LAMARQUE, et. al.,<br><br>        Defendants.<br>_____ | No. C 03-3995 SBA (pr)<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CONTINUED INTENT TO PROSECUTE THIS ACTION AND TO PROVIDE COURT WITH CURRENT ADDRESS** |

      Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. On December 3, 2003, the Court conditionally granted Plaintiff's motion to proceed in forma pauperis in the instant action. Plaintiff's last communication with the Court was on March 17, 2005, when he filed his amended complaint.

      Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. A court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. See L.R. 3-11(a).

      Plaintiff has not communicated with the Court for almost one year. Proceeding forward by requiring Defendants to file an Answer or dispositive motion is fruitless if Plaintiff cannot be located by the Court. In the interests of justice and judicial efficiency, the Court will not proceed with this action until Plaintiff informs the Court of his current address and his continued intent to prosecute this action.

      Accordingly, no later than **twenty (20) days** of the date of this Order, Plaintiff shall file with the Court a notice of his current address and his continued intent to prosecute. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the

Federal Rules of Civil Procedure.  See Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

   IT IS SO ORDERED.

DATED: March 6, 2006

*[signature]*
SAUNDRA BROWN ARMSTRONG
United States District Judge