**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MICHAEL ANDRE TODD,

    Plaintiff,

v.

A. LAMARQUE, *et al.*,

    Defendants.

No. C 03-3995 SBA

**ORDER**

[Docket No. 78]

Before the Court is plaintiff Michael Andre Todd's motion for reconsideration of the Court's order dismissing his complaint against F.O. Chavez and P. Lord [Docket No. 78]. After reading and considering the arguments presented by the parties, the Court find this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons the follow, the motion is denied.

## BACKGROUND

Plaintiff Michael Andre Todd brings this action under 42 U.S.C. § 1983, alleging excessive force was used against him in an incident on January 29, 2002. Todd, an inmate at the Salinas State Prison, charges that defendant R.C. Garcia used physical force against him, causing him to become unconscious and suffer a seizure. Todd named Garcia in his complaint, as well as two other prison officers: F.O. Chavez and P. Lord. He alleges that Chavez and Lord were also involved in the January 29, 2002 altercation. The defendants previously filed a motion to dismiss, which was granted in part on September 16, 2004. In the order granting the motion to dismiss, the Court stated the following:

> A review of the record indicates that Plaintiff's appeals do not mention Officers Chavez and Lord. In Plaintiff's opposition, he claims that he included the phrase "other officers" in his inmate appeal, referring to Officers Chavez and Lord. Defendants argue that while Plaintiff did include the phrase "other officers" in his inmate appeal, Plaintiff did so "without requesting the identities of these individuals or presenting factual circumstances giving rise to a potential claim against Officers Chavez and Lord." Thus, Plaintiff did not give prison officials a fair opportunity to respond to his claims against Officers Chavez and Lord. Plaintiff's claims against these defendants are not exhausted.

Docket No. 23, at 3.

Todd requests the Court reconsider the dismissal of his complaint against Chavez and Lord based

on an intervening change in law.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) provides that an order that does not terminate an action is "subject to revision at any time before the entry of judgment." Reconsideration is appropriate if there is an intervening change in the controlling law. *See School Dist. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). Todd requests that the dismissal of his complaint as to defendants Chavez and Lord be reconsidered in light of the Supreme Court's clarification of the standards governing exhaustion of administrative remedies in *Jones v. Bock*, 127 S. Ct. 910 (2007).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In other words, under the PLRA an inmate is required to use the administrative process that the state provides. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005). The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See Jones v. Bock*, 127 S. Ct. 910, 921 (2007). The defendant bears the burden of raising and proving the absence of exhaustion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied sub nom*., *Alameida v. Wyatt*, 540 U.S. 810 (2003).

The administrative appeals process for California inmates is set forth in Title 15 of the California Code of Regulations, which provides that prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." CAL. CODE REG. tit. 15, § 3084.1(a). The California regulations require only that "[t]he appellant shall use a CDC Form 602 . . . , Inmate/Parollee Appeal Form, to describe the problem and action requested." *Id*. § 3084.2(a). Most appeals progress from an informal review through three formal levels of review. *See id*. § 3084.5. A decision at the third formal level will conclude a prisoner's administrative remedy.

*See id*. §§ 3084.1(a), 3084.5(e)(2).

**ANALYSIS**

Todd premises his motion for reconsideration upon a recent Supreme Court opinion clarifying the exhaustion requirements under the PLRA. In *Jones v. Bock*, 127 S. Ct. 910, 922 (2007), two prisoners filed suits that were dismissed for failure to name each defendant in the administrative grievance. The Court found that the dismissals were improper because "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id*. at 923. The Court explained that nothing in the PLRA requires that the plaintiff name all of the defendants during the grievance process. *Id*. at 922. The PLRA requires only exhaustion of "such remedies as are available." *Id*. The Court noted that "Nothing in the MDOC [Michigan Department of Corrections] policy itself supports the conclusion that the grievance process was improperly invoked simply because an individual later named as a defendant was not named at the first step of the grievance process." *Id*. The state policy only instructed prisoners to "be as specific as possible." *Id*.

Like the Michigan form, "[t]he form used to initiate a CDC grievance . . . does not require an inmate to name or identify specific persons." *Lewis v. Mitchell*, 416 F. Supp. 2d 935, 941 (S.D. Cal. 2005). The level of detail needed to properly exhaust is determined by reference to the state grievance procedure, which in California merely requires the inmate "to describe the problem and action requested." CAL. CODE REG. tit. 15, § 3084.2(a).

Todd completed his CDC 602 inmate appeal form on February 25, 2002. The form is handwritten. The following is an attempt to accurately set it forth as it is in the original:

> In this case, appellant [Plaintiff Todd] alledges misconduct by Officer R.C. Garcia, . . . on January 29, 2002, for clearly using excessive force intended to provoke or initiate violence to hurt appellant by utilizing the actions of other staff[s]* reactions and response to what was to be percieved as resisting.
> . . . .
> Officer R.C. Garcia became engage in a heated argument with the appellant by using unprofessional language and disrespect. Officer R.C. Garcia then ordered the appellant to exit the cell and face the wall, which the appellant complied. Upon request appellant was told to place his hand behind his back, in which appellant complied. Officer R.C. Garcia, then hostolly place the appellants wrist in a joint lock hold; aplying extreme

3

> pressure to the appeallant right wrist, while pushing the appellant with his left hand into wall. As a result of these actions the appellant then lost balance. Which caused other officer[s]* to react in taking the appellant down; appellant hitting his head on the door and floor. Causing a seizure; and a injury to the appellant's back and neck.
>   Due to the unprofessional, unethical and unwarrented behavior which Officer R.C. Garcia, exhibited, being both inciteful and inappropriate, I'm requesting that Officer R.C. Garcia . . . be terminated from his job or seek counseling and or anger management classes. Also that the appellant request to be transferred to another institution under the belief, I feel my life is in jeopardy by staff[s].

Docket No. 79, Ex. 1.

In another document dated June 8, 2002, and labeled by Todd as an "'F'-section Response," Todd made the following statements:

> And infliction of physical injurys sustained due to c/o R.C. Garcia's unprofessionalism an attempt to retaliate was inappropriate and unwarrented behavior. First level reviewer is either sadly mistaken or purposely limited compilation of factual information relating to suspect c/o R.C. Garcia. Personal characteristics which determine conduct patently offensive, which inflicted physical injurys.
> #2) After accessive force caused this appellant to go into a medical seizure was used by c/o R.C. Garcia, authored a C.D.C.-115 RVR with actual malice in effort to cover-up his excessive force violation(s). And in doing so has conspired going as far as pressing charges against the actual victim being myself, following up with malicious prosecution.
> #3) And for all the other reason[s] stated in section "A" of this 602. Appellant request that justice be ministered against c/o R.C. Garcia.

Docket No. 79, Ex. 1.

In the Director level appeal decision issued August 29, 2002, Todd's contentions were characterized by the Chief of the Inmate Appeals Branch as follows: "It is the appellant's position that he was harassed by custody staff. The appellant alleges staff misconduct on the part of Correctional Officer Garcia. The appellant contends that the officer used unnecessary force on him. He believes the officer's actions were unprofessional, abusive, and malicious." Docket No. 79, Ex. 4.

To properly exhaust, Todd was not required to specifically name anyone. He was, however, required "to describe the problem and action requested." Todd's description of the problem centers around the actions of one person: Garcia. The grievances briefly mention "other officers," but there is no suggestion that these other officers were part of the problem as identified by Todd. And nowhere does Todd request any action be taken against anyone other than defendant Garcia. At one point Todd asks that Garcia's employment be terminated or that he be required to take counseling. At another point,

4

Todd requests that justice be administered against Garcia. But no action is requested with respect to anyone else. Thus, even under the minimal standards for filing a grievance under California law, Todd did not pursue or exhaust administrative remedies against Chavez and Lord.

To the extent that the Court's prior order of dismissal relied on the fact that Chavez and Lord were not specifically mentioned by name, that portion of the order is vacated. But the Court's finding that Todd "did not give prison officials a fair opportunity to respond to his claims against Officers Chavez and Lord" and therefore his "claims against these defendants are not exhausted" still withstands scrutiny even after *Jones v. Bock*.

## CONCLUSION

Accordingly, plaintiff Michael Andre Todd's motion for reconsideration [Docket No. 78] is DENIED.

IT IS SO ORDERED.

June 29, 2007

_____
Saundra Brown Armstrong
United States District Judge

5