UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANDREA TODD,  )
                      )
        Plaintiff(s), )   No. C03-3995 SBA (BZ)
                      )
   v.                 )   **ORDER GRANTING PLAINTIFF'S**
                      )   **MOTION TO COMPEL DISCOVERY**
A.A. LAMARQUE, et al.,)
                      )
        Defendant(s). )
                      )
_____)

Before me is plaintiff's motion to compel compliance with a subpoena served on the State of California on June 19, 2007. In particular, plaintiff seeks to compel the State, the California Department of Corrections, two named prisons, and any related unit or division thereof ("respondents"), to produce all records referring or relating to the termination of Officer Fernando Chavez. The parties are to be complimented for resolving their other disputes.[1] For the following reasons, plaintiff's motion to compel is **GRANTED**.

I agree with plaintiff that the documents now requested

---

[1] Plaintiff had initially sought personnel files relating to Officer Chavez and two other officers. Following a telephonic discovery conference, however, plaintiff narrowed his request to documents relating to Officer Chavez's termination. See Pl.'s Reply at 1-2.

1

are reasonably calculated to lead to discoverable information. Fed. R. Civ. P. 26(b)(1). Respondents' arguments concerning state law privileges are unavailing. See Voth v. Albright, 2006 WL 3001362, at *7 (noting that federal privilege law controls in federal civil right litigation); Soto v. City of Concord, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995) (rejecting claims founded on state privileges, including the California Penal and Evidence Codes, as inconsistent with federal principles). To the extent some of the information disclosed may be confidential in nature, the manner in which disclosure will be ordered deals adequately with respondents' concerns. See, e.g., Tillis v. Lamarque, 2006 WL 1050153, at *3 (N.D. Cal. 2006) (ordering depositions to proceed designated as confidential for attorneys' and experts' eyes only). And although pursuing these documents directly from Officer Chavez may have been the better practice,[2] I reject respondents' argument premised on the Eleventh Amendment.[3]

For these reasons, and for good cause appearing, plaintiff's motion to compel compliance with the subpoena is **GRANTED. IT IS ORDERED** as follows:

1. The model stipulated protective order, which can be found on the Court's website at http://www.cand.uscourts.gov/ under the "Forms" link, is adopted and will govern discovery in this case going forward unless the parties agree to a

---

[2] It is not clear whether Officer Chavez, who has apparently been terminated, would have any control over these records.

[3] Specifically, I concur with Judge Wanger's analysis in Jones v. Tozzi, 2007 WL 1299795 (E.D. Cal. 2007).

2

different one;

2. The parties will electronically file a signed copy of the stipulated protective order by **Wednesday, July 18, 2007**;

3. Respondents will produce to plaintiff's counsel, pursuant to the protective order and under the designation "Highly Confidential - Attorneys' Eyes Only", all records referring or relating to the termination of Officer Fernando Chavez, by **Monday, July 23, 2007**;

4. Respondents will redact private personal information from any responsive documents, including social security numbers, home addresses, and names of family members;

5. Upon receipt of the documents, plaintiff's counsel will make a good faith determination of relevancy and, by **Monday, August 6, 2007**, will return to respondents those documents deemed irrelevant.

Dated: July 11, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\TODD\ORDER GRANT DISC.wpd