1

2

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

3

4

5

6

7

8

MICHAEL ANDRE TODD,

        Plaintiff,

  v.

A. LAMARQUE, *et al.*,

        Defendants.

No.  C 03-3995 SBA

**ORDER**

[Docket No. 124]

9

10

11

12

     Before the Court is defendant R.C. Garcia's motion to enlarge time to conduct a mental examination of plaintiff Michael Andre Todd, to provided a psychiatric expert report, and to extend the expert discovery deadline [Docket No. 124].  For the reasons that follow, the Court DENIES the motion.

13

14

**BACKGROUND**

15

16

17

18

     Plaintiff Michael Andre Todd brings this action under 42 U.S.C. § 1983, alleging excessive force was used against him in an incident on January 29, 2002.  Todd, an inmate at the Salinas State Prison, charges that defendant R.C. Garcia used physical force against him, causing him to become unconscious and suffer a seizure.

19

20

21

22

     Defendant Garcia requests, pursuant to Civil Local Rule 6.3, that the Court extend the discovery deadline to October 15, 2007 for the purpose of allowing additional time for his expert to examine plaintiff Todd; to extend the expert report deadline to November 5, 2007; and to extend expert discovery to November 23, 2007.

23

24

25

26

27

28

     The defendant's main arguments for the extensions are: (1) he was unable to retain experts within the desired time frame because the State of California was operating without a budget for about seven-and-a-half weeks, and (2) the retain psychiatric expert needs to review thousands of pages of materials in this case, including the deposition transcripts of other inmates, "to get a complete picture of Plaintiff's claims and allegations before conducting a mental examination."  Docket No. 127, Attachment 1 at 3.

The plaintiff opposes the motion.  The plaintiff contends that the defendants have known for years that he is claiming psychological harm and that psychological damages are sought.  His complaint alleged both neurological and psychological harm.  The joint case management statement filed on May 25, 2007 states that "Mr. Todd suffered physical injury and emotional distress."  Despite this, plaintiff argues, defendant Garcia failed to pursue a psychological examination of the plaintiff until three weeks before the close of discovery.

The plaintiff also questions the stated reasons for the extension.  First, the plaintiff points out that the budget issue was resolved three weeks before the defendant first raised the need to conduct a psychological examination and that the purported budget problem had no impact on the defendant retaining two other experts.  Second, the plaintiff points out that the defendant has not offered a persuasive reason why the psychological expert needs to review the entire written record in this matter before examining the plaintiff.  According to the plaintiff, the vast majority of the records in this case have no relevance to the plaintiff's psychological condition, and those that do, are relatively limited.

The plaintiff maintains the requested extensions are prejudicial because it would reduce his post-discovery trial preparation time and that time to respond to the defendants' anticipated motion for summary judgment by one-third.

The defendant does not respond why the psychological expert needs to review several thousand pages of documents before examining the plaintiff.  The defendant merely reiterates that it is "necessary."  Docket No. 131, at 2.

## ANALYSIS

This case was filed on September 2, 2003.  On June 6, 2007, the Court conducted a case management scheduling conference in which it emphasized to the parties that given the length of time this action has been pending, it was important to exercise diligence to keep this matter moving.  The Court initially set a scheduling order for a jury trial to commence by September 10, 2007.  *See* Docket No. 82.  The parties thereafter stated to the Court that, despite their diligence, it would not be possible

2

to meet the deadlines of this scheduling order.  Another scheduling conference was held and new deadlines set.  Under the current scheduling order, the discovery cut-off date is October 1, 2007, and the expert discovery is to be completed by October 31, 2007.  *See* Docket No. 113.  Motion cut-off is set at December 18, 2007.  The pre-trial conference is set for February 5, 2008, with a jury trial scheduled for February 11, 2008.

The Court finds the defendant's motion uncompelling for several reasons.  This case is more than four years old.  At the two most recent scheduling conferences, the Court emphasized strenuously the need for the parties to act diligently.  The parties have already requested and received an extension of all the deadlines.  The defendant's stated reasons for the need for an extension are not entirely persuasive.  First, the budget problem did not impact the defendant's ability to secure two other experts.  Second, the defendant has offered no compelling reason why the psychological expert needs to be familiar with all the records in this case, including the deposition transcripts of other witnesses.

**CONCLUSION**

Accordingly, the Court DENIES defendant R.C. Garica's motion [Docket No. 124].

IT IS SO ORDERED.

October 3, 2007

_____
Saundra Brown Armstrong
United States District Judge

3