**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MICHAEL ANDRE TODD,

    Plaintiff,

v.

A. LAMARQUE, *et al.*,

    Defendants.

No. C 03-3995 SBA

**ORDER**

[Docket Nos. 136, 139]

Before the Court are two motions submitted by plaintiff Michael Andre Todd. The first is a motion to strike defendant R.C. Garcia's designation of Dr. Adam Goldyne as a rebuttal expert witness and to preclude his testimony pursuant to Federal Rule of Civil Procedure 37 [Docket No. 136]. The second is a motion to shorten the time for this motion to be heard [Docket No. 139]. For the reasons that follow, the motion to strike is GRANTED in part, DENIED in part. Dr. Goldyne may be offered as a rebuttal expert. The expert discovery deadline in this matter will be extended to November 30, 2007, for the sole purpose of allowing the plaintiff greater time to depose Dr. Goldyne, if he so chooses. The motion to shorten time is DENIED as moot.

The motion cut-off date in this action is December 18, 2007, and this matter is scheduled for a jury trial to begin on February 11, 2008. *See* Docket No. 113. Expert designation and discovery was set forth in the scheduling order as follows:

> Plaintiff shall designate any experts by ***10/1/07***; defendant by ***10/1/07***; rebuttal disclosure by ***NOT SET***. Any expert not so named may be disallowed as a witness. No expert will be permitted to testify to any opinion, or basis or support for an opinion, that has not been disclosed in response to an appropriate question or interrogatory from the opposing party. Expert discovery shall be completed by ***10/31/07***.

Docket No. 113.

On October 4, 2007, the Court denied defendant R.C. Garcia's motion to extend the expert report and discovery deadlines. *See* Docket No. 132. The defendant sought this extension so that his expert, Dr. Goldyne, could conduct a mental examination of plaintiff Todd and provide a psychiatric expert report. On October 17, 2007, the defendant designated Dr. Goldyne as an expert rebuttal witness and

served Dr. Goldyne's expert report upon the plaintiff. The deadline for deposing expert witnesses is October 31st, which has prompted the plaintiff's present motions. The plaintiff has requested that the Court set this matter for hearing on a shortened time-frame.

Rule 26(a)(2)(B) requires parties to disclose the identity of their expert witnesses "accompanied by a written report prepared and signed by the witness." Parties are required to serve their opening and expert rebuttal reports "at the times and in the sequence directed by the court." FED. R. CIV. P. 26(a)(2)(c). Federal Rule of Civil Procedure 37(c)(1) provides a sanction for not complying. "[A] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1). The Advisory Committee Notes clarify that Rule 37(c)(1) is a self-executing provision for failure to make a disclosure required by Rule 26(a), without need for a motion to compel sanction. This is true even in the absence of a showing of bad faith or willfulness. *See Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1106 (9th Cir. 2001). Two express exceptions ameliorate the harshness of Rule 37(c)(1): the information may be introduced if a party's failure to disclose the required information is substantially justified or harmless. *Id.* The burden is on the party facing the sanctions to prove justification or harmlessness. *Id.* at 1107.

Because the defendant did not provide Dr. Goldyne's expert report in a timely manner, Rule 37(c)(1)'s self-executing sanction is in effect: the defendant is not permitted to call Dr. Goldyne as an expert witness in his case-in-chief at trial.

On the other hand, the designation of Dr. Goldyne as a rebuttal expert and disclosure of his report is consistent with Rule 26(a)(2)(C). On October 17, 2007, the defendant disclosed Dr. Goldyne as a testifying rebuttal expert witness. *See* Docket No. 143, Ex. A. According to this notice, "Dr. Goldyne is a physician, forensic psychiatrist, and an assistant clinical professor. He is intended to contradict or rebut evidence on the same subject as Dr. Ronald Roberts, who has been designated as an expert witness by Plaintiff." *Id.*

The Court did not set a deadline for disclosure of expert rebuttal witnesses. Therefore, the default provision of Rule 26(a)(2)(C) applies. Under Rule 26(a)(2)(C), disclosure of experts or expert reports "intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B)," may be made "within 30 days after the disclosure made by the other party." Thus, Dr. Goldyne may be called to testify as a rebuttal witness to rebut or contradict the expert testimony of Dr. Ronald Roberts.

IT IS SO ORDERED.

October 24, 2007

Saundra Brown Armstrong
United States District Judge

3