UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREA TODD,<br>　　　　Plaintiff(s),<br>　v.<br>A.A. LAMARQUE, et al.,<br>　　　　Defendant(s). | No. C03-3995 SBA (BZ)<br><br>**ORDER DENYING MOTION TO QUASH SUBPOENAS AND GRANTING REQUEST FOR PROTECTIVE ORDER** |

　　　Before me is a motion filed by the California Department of Corrections and Rehabilitation (Department) to quash plaintiff's subpoenas served on the Department and the Salinas Valley State Prison (Prison).  The subpoenas seek the production of documents relating to the "Green Wall" and to the Department's standards and practices of cell extraction.  For the following reasons, the motion to quash is **DENIED**.

　　　I agree with plaintiff that the documents requested are relevant for discovery purposes and reasonably calculated to lead to the discovery of admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  The Department's arguments that it enjoys sovereign immunity under the Eleventh Amendment and that it is not subject to the subpoenas based on state law privileges are

1

1 rejected for reasons stated in my prior discovery Order
2 (Docket No. 114).

3 　　The Department's burden arguments are not persuasive.
4 Plaintiff is not requesting a broad array of documents or
5 irrelevant personnel files, but documentation about, and
6 specific portions of personnel files that refer to, the
7 alleged "Green Wall" from 1999 to the present, and cell
8 extraction procedures in effect during January 2002.  The
9 Department has failed to establish that production of these
10 documents would be burdensome or violate the specific
11 correctional officers' rights of privacy as recognized in
12 federal court.

13 　　The Department argues that to comply with plaintiff's
14 subpoenas would violate the official information privilege
15 covering investigatory files.[1]  To assert an official
16 information privilege, the Department must file an objection
17 that specifically states the harm that could result from
18 releasing the requested materials, accompanied by a
19 declaration from a responsible official with personal
20 knowledge of the principal matters to be attested to in the
21 affidavit.  See Young v. Hernandez, No. 05-CV-2375 W(CAB),
22 2007 WL 935594, at *2 (S.D. Cal. March 26, 2007)(citing Kelly
23 v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987)).  A
24 declaration from the lawyer representing the agency does not
25 suffice.  Id. See also Young v. Hernandez, 207 WL 935594 at *2

---

27 　　[1]　Although they cite 5 U.S.C. § 552 in support of
their argument, respondents are not a federal agency, person,
28 or party, and have made no showing that this section should
apply to them. See 5 U.S.C. § 551.

1  (The Department knows how to invoke the privilege.  A
2  declaration of the Department's Custodian of Records who
3  personally viewed the materials and explained how their
4  disclosure would impact on the Department and the public met
5  threshold).  Once a party has met the threshold, the
6  disclosure of official documents is determined under a
7  "balancing approach that is moderately pre-weighted in favor
8  of disclosure."  Id.

9  Here, the Department has objected to the subpoenas,
10 contending that producing the subpoenaed documents would
11 seriously jeopardize the security of the institution.
12 However, it has not provided a declaration from a responsible
13 official with personal knowledge of these matters. The
14 Department's attorney's one sentence conclusion in his
15 declaration is wholly inadequate.  See Kelly, 114 F.R.D. at
16 669.  Therefore, the Department has not met the threshold
17 requirement and I need not to apply the balancing test.

18 To the extent the Department has raised serious security
19 concerns, I am satisfied they are addressed if the documents
20 are produced pursuant to the "Attorneys Eyes Only" protective
21 order entered on July 18, 2007 (Docket No. 118).

22 For these reasons, the Departments' motion to quash the
23 subpoenas is **DENIED** and its request for a protective order is
24 **GRANTED**.  The October 31, 2007 hearing is **VACATED**.

25 Dated: October 26, 2007

26 _____
27 Bernard Zimmerman
   United States Magistrate Judge

28 G:\BZALL\-REFS\TODD\ORDER DENYING TO QUASH.wpd

3