UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDREA TODD,<br><br>    Plaintiff(s),<br><br>  v.<br><br>A.A. LAMARQUE, et al.,<br><br>    Defendant(s). | No. C03-3995 SBA (BZ)<br><br>**<u>CORRECTED</u> ORDER DENYING MOTION TO QUASH SUBPOENAS AND GRANTING REQUEST FOR PROTECTIVE ORDER** |

    Before me is a motion filed by the California Department of Corrections and Rehabilitation (Department) to quash plaintiff's subpoenas served on the Department and the Salinas Valley State Prison (Prison).  The subpoenas seek the production of documents relating to the "Green Wall" and to the Department's standards and practices of cell extraction.  For the following reasons, the motion to quash is **DENIED**.

    I agree with plaintiff that the documents requested are relevant for discovery purposes and reasonably calculated to lead to the discovery of admissible evidence.  <u>See</u> Fed. R. Civ. P. 26(b)(1).  The Department's arguments that it enjoys sovereign immunity under the Eleventh Amendment and that it is not subject to the subpoenas based on state law privileges are

1

rejected for reasons stated in my prior discovery Order (Docket No. 114).

The Department's burden arguments are not persuasive. Plaintiff is not requesting a broad array of documents or irrelevant personnel files, but documentation about, and specific portions of personnel files that refer to, the alleged "Green Wall" from 1999 to the present, and cell extraction procedures in effect during January 2002.  The Department has failed to establish that production of these documents would be burdensome or violate the specific correctional officers' rights of privacy as recognized in federal court.

The Department argues that to comply with plaintiff's subpoenas would violate the official information privilege covering investigatory files.[1]  To assert an official information privilege, the Department must file an objection that specifically states the harm that could result from releasing the requested materials, accompanied by a declaration from a responsible official with personal knowledge of the principal matters to be attested to in the affidavit.  See Young v. Hernandez, No. 05-CV-2375 W(CAB), 2007 WL 935594, at *2 (S.D. Cal. March 26, 2007)(citing Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987)).  A declaration from the lawyer representing the agency does not suffice. Id. The Department knows how to invoke the privilege.

---

[1] Although they cite 5 U.S.C. § 552 in support of their argument, respondents are not a federal agency, person, or party, and have made no showing that this section should apply to them. See 5 U.S.C. § 551.

1  See Young v. Hernandez, 207 WL 935594 at *2 (A declaration of
2  the Department's Custodian of Records who personally viewed
3  the materials and explained how their disclosure would impact
4  the Department and the public met the threshold).  Once a
5  party has met the threshold, the disclosure of official
6  documents is determined under a "balancing approach that is
7  moderately pre-weighted in favor of disclosure."  Id.
8     Here, the Department has objected to the subpoenas,
9  contending that producing the subpoenaed documents would
10 seriously jeopardize the security of the institution.
11 However, it has not provided a declaration from a responsible
12 official with personal knowledge of these matters. The
13 Department's attorney's one sentence conclusion in his
14 declaration is wholly inadequate.  See Kelly, 114 F.R.D. at
15 669.  Therefore, the Department has not met the threshold
16 requirement and I need not to apply the balancing test.
17     To the extent the Department has raised serious security
18 concerns, I am satisfied they are addressed if the documents
19 are produced pursuant to the "Attorneys Eyes Only" protective
20 order entered on July 18, 2007 (Docket No. 115).
21     For these reasons, the Department's motion to quash the
22 subpoenas is **DENIED** and its request for a protective order is
23 **GRANTED**.  The October 31, 2007 hearing is **VACATED**.
24 Dated: October 26, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

27 G:\BZALL\-REFS\TODD\CORRECTED ORDER DENYING TO QUASH.wpd