JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone:(415) 772-6000
Facsimile: (415) 772-6268
E-mail:     judith.gold@hellerehrman.com
            bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LAMARQUE, et al.,<br><br>    Defendant. | Case No. C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S NOTICE OF MOTIONS IN LIMINE NOS. 1 THROUGH 8**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time:   1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time:   8:30 a.m.<br>Courtroom: 3<br>Judge: Hon. Saundra Brown Armstrong |

TO DEFENDANT ROGELIO GARCIA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to this Court's July 11, 2007 Order for Pretrial preparation, on February 5, 2008, or as soon thereafter as counsel can be heard, plaintiff Michael A. Todd will and hereby does move the Court in limine as follows:

(1) to exclude evidence of and reference to Mr. Todd's criminal convictions before January 29, 2002, including the offense for which he was incarcerated at the time of the incident at issue in this case, and also including any evidence thereof or reference to such matters as the purported basis for any opinion that any of defendant's experts may offer. Plaintiff will stipulate to the fact that Mr. Todd was housed at Salinas Valley State Prison on January 29, 2002 for an offense punishable by imprisonment in excess of one year. *See* Plaintiff Michael A. Todd's Motion in Limine No. 1.

(2) to preclude defendant from introducing or relying upon at trial evidence of or reference to any prison rules violation reports, serious rules violation reports, disciplinary sheets, and custodial counseling reports related to either plaintiff Todd or the prisoner witnesses. *See* Plaintiff Michael A. Todd's Motion in Limine No. 2.

(3) to exclude at trial all evidence of or reference to the criminal convictions of any prisoner witnesses, including the offense for which the witness was incarcerated at the time of the incident in question. As to any witness for which such a stipulation is accurate, plaintiff will stipulate that the witness was housed at Salinas Valley State Prison on January 29, 2002 for an offense punishable by imprisonment in excess of one year. *See* Plaintiff Michael A. Todd's Motion in Limine No. 3.

(4) to exclude testimony by defendant's "rebuttal" expert, Dr. Adam Goldyne *in toto* should plaintiff not introduce any rebuttal evidence. If defendant is allowed to present testimony from Dr. Goldyne at trial, plaintiff asks the Court to limit his testimony in four ways:

(a) by limiting Dr. Goldyne's testimony at trial to opinions that directly contradict those of plaintiff's expert Dr. Ronald Roberts;

  (b) by prohibiting Dr. Goldyne from offering new diagnoses at trial;

  (c) by prohibiting Dr. Goldyne from opining about the credibility of plaintiff's witnesses; and

  (d) by prohibiting Dr. Goldyne from testifying about plaintiff's prior criminal history at trial.

*See* Plaintiff Michael A. Todd's Motion in Limine No. 4.

(5) to exclude at trial the testimony of expert witness David Tristan *in toto* because his entire expert report and all of his central conclusions impermissibly rest upon his credibility assessments; and to prohibit expert witness Dr. Goldyne from opining on the credibility of plaintiff or the credibility of plaintiff's witnesses. *See* Plaintiff Michael A. Todd's Motion in Limine No. 5.

(6) to exclude at trial any evidence that might be offered relating to Mr. Todd's pleas of no contest to two charges of resisting emanating from the incident at issue, including any references to "Todd's convictions for resisting," any plea entered by Mr. Todd, and any related admissions. *See* Plaintiff Michael A. Todd's Motion in Limine No. 6.

(7) to exclude at trial any evidence that might be offered relating to Mr. Todd's alleged "nolo conviction" for battery on Fernando Chavez emanating from the incident at issue, including any reference to "Todd's conviction for battery," any plea entered by Mr. Todd on the charge of battery, and any related admissions. *See* Plaintiff Michael A. Todd's Motion in Limine No. 7.

(8) to exclude at trial:

  (a) any testimony by Mary Tatum and/or John Turner, and any evidence that might be offered relating to the purported opinions or beliefs of Mary Tatum, John Turner, or any other person involved in the prosecution of Mr. Todd leading to the matters referred to in items (6) and (7) above, including without limitation any opinions or belief they may have about the involvement of any guard involved in this case in

      the guard gang known as the "Green Wall."

 (b) to exclude at trial any testimony by Greg Salazar and/or Gary Jordan, and any other evidence that might be offered relating to the purported opinions or beliefs of Greg Salazar and/or Gary Jordan or any other person regarding defendant Garcia's "good character as a person and as a correctional officer."

*See* Plaintiff Michael A. Todd's Motion in Limine No. 8.

  This notice of motion and motion is based on Plaintiff Michael A. Todd's Motions in Limine Nos. 1 through 8; the accompanying declaration of William J. Hapiuk; and the exhibits thereto and all files, records, and proceedings herein.

DATED: January 22, 2008   Respectfully submitted,

           HELLER EHRMAN LLP


           By    /s/     
             JUDITH Z. GOLD
             WILLIAM HAPIUK

             Attorneys for Plaintiff
             MICHAEL A. TODD