JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
        bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>               Plaintiff,<br><br>v.<br><br>A. LAMARQUE, *et al.*,<br><br>               Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF AND REFERENCE TO HIS PRIOR CONVICTIONS**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time:  1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time:  8:30 a.m.<br>Courtroom:  3<br>Judge: Hon. Saundra Brown Armstrong |

Heller Ehrman LLP

## I. INTRODUCTION

Plaintiff Michael A. Todd moves for an order in limine excluding at trial all evidence of or reference to any of Mr. Todd's criminal convictions before January 29, 2002, including the offense for which he was incarcerated. Such evidence should be excluded under Federal Rules of Evidence 402, 403, and 609 because it would be irrelevant and its potential prejudicial effect outweighs any probative value.

As to the offense for which he was in prison, Mr. Todd will stipulate to the fact that he was housed at Salinas Valley State Prison on January 29, 2002 for an offense punishable by imprisonment in excess of one year.

## II. BACKGROUND STATEMENT

At the time of the incident giving rise to Mr. Todd's 42 U.S.C. § 1983 claim, he was incarcerated at the Salinas Valley State Prison in Soledad, California, serving twenty-five years to life for murder under Section 187 of the California Penal Code. The murder was apparently the result of a drug deal gone bad. Mr. Todd was also convicted of enhancements including kidnapping and "torture." It is clear that defendant Garcia hopes to exploit the jury's natural repugnance for such offenses to his benefit in this case, even though Mr. Todd's offenses seven years before the guards' attack on him at issue in this trial, obviously would do nothing to justify the attack. Defendant has notified plaintiff that he intends to offer the convictions into evidence. But neither the conviction that led to Mr. Todd's current incarceration nor any other aspect of his criminal history is relevant to either his claims or his allegations of damages. Such evidence would be minimally probative and highly prejudicial, and Mr. Todd's criminal history before January 29, 2002 should be excluded.

## III. MR. TODD'S PRIOR CRIMINAL CONVICTIONS SHOULD BE EXCLUDED

FRE 609(a)(1) provides that "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year . . ." but this rule is limited by FRE 609(b),

Heller Ehrman LLP

1

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF AND REFERENCE TO HIS PRIOR CONVICTIONS; C 03-3995 SBA (BZ)

1 which provides:

2  Evidence of a conviction under this rule is not admissible if a period of more
3  than ten years has elapsed since the date of the conviction . . . unless the court
   determines, in the interests of justice, that the probative value of the
   conviction supported by specific facts and circumstances substantially
4  outweighs its prejudicial effect.

5 The rule goes on to require that a conviction more than ten years old is inadmissible unless

6 the proponent of the evidence provides adequate advance notice of its intent to offer such

7 evidence, which defendant herein did as to Mr. Todd, but not as to any other prisoner.

8  Mr. Todd's only criminal conviction within the last ten years is related to the events

9 of January 29, 2002, and that conviction is discussed separately in Plaintiff's Motion in

10 Limine No. 7. Mr. Todd's original conviction is more than ten years old and its probative

11 value outweighs its prejudicial effect. His criminal record before January 29, 2002 is

12 inadmissible for impeachment – much less for any other purpose.[1]

13  Mr. Todd was convicted in 1996 of a violent murder that occurred in 1995, and of

14 related enhancements. These were not crimes of dishonesty and they have no bearing on

15 the question in this case, which is whether defendant Garcia used excessive force against

16 Todd in violation of his constitutional rights in 2002, six years after Mr. Todd's conviction.

17 As mentioned above, plaintiff will stipulate that Mr. Todd was incarcerated on January 29,

18 2002 for an offense covered by FRE 609(a). Additional details have no relevance, even for

19 impeachment, and would add substantially to the unfair prejudice that Mr. Todd, as a

20 prisoner, will face at trial. In addition, the admission of this evidence would require the

21 presentation of evidence on a collateral matter, wasting time while providing the jury with

22 little or no probative evidence.

---

[1] In his report, the defendant's expert, Dr. Goldyne, cites Mr. Todd's criminal history in "support" of his opinion that Mr. Todd suffers from anti-social disorder. This is clearly an attempt to get the prejudicial information about Mr. Todd that is subject to this motion before the jury, through a back door. It is unnecessary and improper for Dr. Goldyne to make specific reference to Mr. Todd's criminal history in presenting this opinion at trial. Plaintiff addresses the propriety of Dr. Goldyne's opinions in plaintiff's Motions In Limine Nos. 4 and 5. Here, however, plaintiff asks the court to exclude all references to Mr. Todd's prior convictions, including any reference to them by Dr. Goldyne.

Heller Ehrman LLP

2
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF AND
REFERENCE TO HIS PRIOR CONVICTIONS; C 03-3995 SBA (BZ)

## IV. CONCLUSION

For these reasons, plaintiff respectfully requests that the Court issue an order precluding evidence of and reference to Mr. Todd's convictions before January 29, 2002, and any details regarding them, beyond the proposed stipulation.

DATED: January 22, 2008        Respectfully submitted,

HELLER EHRMAN LLP


By _____/s/_____
    JUDITH Z. GOLD
    WILLIAM J. HAPIUK

    Attorneys for Plaintiff
    MICHAEL A. TODD

3
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF AND REFERENCE TO HIS PRIOR CONVICTIONS; C 03-3995 SBA (BZ)