JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
         bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>A. LAMARQUE, *et al.*,<br><br>　　　　　　　　　Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE BY DEFENDANT TO PLAINTIFF'S ALLEGED PRISON RULES VIOLATIONS**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time 1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time: 8:30 a.m.<br>Courtroom 3<br>Judge: Hon. Saundra Brown Armstrong |

Heller Ehrman LLP

## I. INTRODUCTION

Plaintiff Michael A. Todd moves for an order in limine excluding at trial all references by defendant to plaintiff's alleged prison rules violation reports, serious rules violation reports, disciplinary sheets, and custodial counseling reports. Such evidence should be excluded under Federal Rules of Evidence 402, 403, 404, 609 and 802. The evidence is irrelevant, inadmissible as character or impeachment evidence, inadmissible hearsay, and its potential prejudicial effect outweighs any probative value.

## II. BACKGROUND STATEMENT

Mr. Todd's § 1983 claim arises out of an incident that took place on January 29, 2002 while he was incarcerated at Salinas Valley State Prison. During Mr. Todd's incarceration, various prison guards, but not defendant Garcia, wrote reports alleging that Mr. Todd broke prison rules. Defendant has designated as exhibits prison rules violation reports and serious rules violation reports dating back to September 1991 and continuing through April 13, 2005 – over three years after the day in question. A rules violation report consists of a written statement by a prison guard, signatures of the guard and his or her supervisor, and a section called "hearing," which includes space for a "plea," "finding," and "disposition." In all of the reports, Mr. Todd contests the allegations and enters a "plea" of "not guilty." The guards enter a "verdict" of "guilty," largely based on the guards' statements. All of the reports state that Mr. Todd violated a provision of California Code of Regulations Title 15, part of the civil code that governs conditions in prisons. One report specifically states that the finding of guilt is by a "preponderance of the evidence." *See* Hapiuk Dec. Exh. A.[1] Defendant has also designated a disciplinary sheet that lists these alleged rules violations, and also a list of custodial counseling reports that encompass some of the same incidents as the rules violation reports.

No witness involved in the beating of Mr. Todd has testified that Mr. Todd's history

---

[1] Plaintiff's exhibits, which are all attached to the Declaration of William J. Hapiuk ("Hapiuk Dec."), filed herewith, bear letters A through V and are referred to hereafter in plaintiff's motion in limine papers by their letters.

2
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE BY DEFENDANT TO PLAINTIFF'S ALLEGED PRISON RULES VIOLATIONS: C 03-3995 SBA (BZ)

at the prison had the slightest relevance to their use of force on him.  In fact, the guards testified that they had had little or no contact with Mr. Todd and had heard little or nothing about him before the incident.  Yet defendant has designated as trial exhibits vast swaths of hearsay documents -- hundreds of pages -- about his alleged infractions of prison rules.

## III. DISCUSSION

### A. The Evidence In Question Would Cause Prejudice And A Waste Of Time Far Outweighing Any Conceivable Probative Value

Defendant clearly wants to turn this case into a smear campaign against Mr. Todd. These documents contain hearsay within hearsay statements about the underlying events. To prove what led to the discipline would require defendant to call dozens of witnesses to the actual events and many days of testimony.  Mr. Todd would be entitled to explain the disciplinary findings in question, which he disputed, and might need to call other witnesses to help him do so.

And what is defendant's point?  Apparently, it is that Mr. Todd was a bad person and deserved whatever he got.  Nothing in the substantive law supports this; to the contrary, it is impermissible to use excessive force as punishment.  *Hope v. Pelzer*, 536 U.S. 730, 737 (2002).  One cannot imagine any theory under which the relevance of this voluminous material, requiring a side-trip into collateral issues that could easily engulf the trial, would be so compelling that it would outweigh the substantial risk of incurable prejudice.  *See Hynes v. Coughlin*, 79 F.3d 285, 291 (2nd Cir. 1996) (in a §1983 action, the appellate court ordered a new trial because prejudicial and irrelevant evidence of the plaintiff's prison disciplinary record had been admitted).  In *Hynes*, defense counsel told the jury that in order to "assess his credibility and character," the jury would hear that the plaintiff "is in prison because he killed a person" and "in deciding whether [the plaintiff] was entirely innocent" the jury should "consider who this man is."  *Id.* at 292.  Apparently, the defense here hopes to suggest that Mr. Todd is not worthy of decent treatment while in prison, or of the jury's sympathy, or a monetary judgment.  That would be improper, and the reports should be excluded.

Heller
Ehrman LLP

3

**B.  Violations of Prison Rules Do Not Constitute Crimes and are Irrelevant to Mr. Todd's Claim of Excessive Force**

It is impossible to imagine how a 1991 rules violation report accusing Mr. Todd of destroying his mattress, or a 2001 refusal to provide a DNA specimen – defendant's proposed exhibits OO and YY – would be offered for any other purpose but to paint Mr. Todd as someone who does not follow prison rules, and imply that he did not follow the rules on the day of the attack.  *See* Hapiuk Dec., Exh. B.  FRE 404(b) provides that, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  The jury will hear evidence from both sides about Mr. Todd's actions, behavior, and demeanor on the day of the incident. Any past, much less any future, rule violations cannot help the jury determine what happened that day and whether or not defendant Garcia used excessive force in violation of Mr. Todd's constitutional rights.[2]

Although the prison rule violation reports use terminology borrowed from criminal law, they rely on civil laws and are administrative in nature.  A notation by a prison employee that Mr. Todd is "guilty" does not transform a finding that Mr. Todd broke a prison regulation into a conviction or "verdict."  The proceeding lacks any similarity to a criminal trial - the burden of proof is preponderance, not reasonable doubt; Mr. Todd had no counsel; he had no ability to confront and examine witnesses; and he surely had no decision by a jury of fair and unbiased peers.  The serious rule violation reports ask whether the incident should be referred "for felony prosecution," demonstrating that these internal disciplinary procedures do not amount to criminal charges under the California Penal Code. *See* Hapiuk Dec., Exh. B at 3.[3]

---

[2] Defendant has designated as exhibits twelve rules violation reports and serious rules violation report issued before the day of the incident.  In addition, defendant also designated another twelve reports all issued after January 29, 2002.   It is difficult for plaintiff to imagine the relevance of reports written after the day in question other than to improperly prejudice the jury against Mr. Todd or for improper use as character evidence to show conformity in violation of FRE 404(b).

[3] Certainly there can be no argument that these prison rules violation reports would be admissible "crimes" under Rule 609, which permits admission of some criminal convictions.

Heller Ehrman LLP

4
PLAINTIFF'S MOTION IN LIMINE NO. 2  TO EXCLUDE REFERENCE BY DEFENDANT TO PLAINTIFF'S ALLEGED PRISON RULES VIOLATIONS: C 03-3995 SBA (BZ)

### C. The Rules Violation Reports And Related Documents Are Hearsay

As discussed above, these reports are based entirely on statements by officers made out of court, and not even under penalty of perjury. They are classic hearsay. FRE 801. Exploring Mr. Todd's history at the prison through testimony of knowledgeable witnesses would require dozens of mini-trials about each alleged rules violation.

Defendant asserts that the reports are business records. The basis for the business record exception is that the reliability of the document is assured because the maker relied upon it in the ordinary course of business activities. *Long Beach v. Std. Oil Co. of Cal.*, 46 F.3d 929, 937 (9th Cir. 1995). A business record must be (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) the regular practice of that business to make [the document], and (4) made by a person with knowledge or from information by a person with knowledge. *Id*. Although the rules violation reports appear on a standard Department of Corrections form, their creation is not a regularly conducted business activity. Instead, the reports are written in response to spontaneous incidents when possible rules violations occur. Moreover, the reports are written in anticipation of litigation, a fact that calls their reliability into question.

Courts have noted that because guards know of the likelihood of §1983 claims when they have conflict with prisoners, "it can safely be assumed at least some guards write their reports . . . with that possibility in mind." *Bracey v. Herringa*, 466 F.2d 702, 704 (7th Cir. 1972). The Illinois Supreme Court therefore held that prison incident reports do not qualify as business records because they "lack the necessary earmarks of trustworthiness and reliability generally attendant to regularly kept business records" and the reports "record disciplinary infractions by inmates and are made with an eye towards some form of subsequent discipline." *People v. Smith*, 141 Ill. 2d 40, 73 (1991); *see also U. S. v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979) (noting Congressional concern about prosecutors attempting to prove their cases based on police officers' reports of their observations of crime).

Even if the reports themselves may be business records, admissible to prove the fact

Heller Ehrman LLP

5
PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE BY DEFENDANT TO PLAINTIFF'S ALLEGED PRISON RULES VIOLATIONS: C 03-3995 SBA (BZ)

that a statement recited in them *was made*, the statements themselves are hearsay and must meet an exception to the hearsay rule, or be excluded. Findings and conclusions based on such statements must also be excluded. *See Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1061–62 (8th Cir. 1995) ("When evidence contains multiple levels of out-of-court statements, courts must examine each level to determine whether the statements are in fact hearsay and, if so, whether each level meets the requirements of some exception to the hearsay rule."); *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person.")

These documents are prejudicial and irrelevant to any issue in this case; they would be offered for no legitimate purpose in an attempt to poison the jury's opinion of Mr. Todd; they are permeated with and based on hearsay statements; they would require numerous wasteful mini-trials; and they lack any indicia of reliability. They should be excluded.

## IV. CONCLUSION

For these reasons, plaintiff respectfully requests that the Court issue an order in limine prohibiting reference by defendant to any prison rules violation reports, serious rules violation reports, disciplinary sheets, and custodial counseling reports related to Mr. Todd.

DATED:  January 22, 2008           Respectfully submitted,

                                      HELLER EHRMAN LLP


                                      By _____/s/_____
                                         JUDITH Z. GOLD
                                         WILLIAM J. HAPIUK

                                         Attorneys for Plaintiff
                                         MICHAEL A. TODD

Heller Ehrman LLP

6
PLAINTIFF'S MOTION IN LIMINE NO. 2  TO EXCLUDE REFERENCE BY DEFENDANT TO PLAINTIFF'S ALLEGED PRISON RULES VIOLATIONS: C 03-3995 SBA (BZ)