JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>                     Plaintiff,<br><br>   v.<br><br>A. LAMARQUE, *et al.*,<br><br>                     Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO THE CONVICTIONS OF ALL PRISONER WITNESSES**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time: 1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time: 8:30 a.m.<br>Courtroom: 3<br>Judge: Hon. Saundra Brown Armstrong |

## I. INTRODUCTION

Plaintiff Michael A. Todd moves for an order in limine excluding at trial all evidence of or reference to the criminal convictions of any prisoner witness. Such evidence should be excluded under Federal Rules of Evidence 402, 403, and 609 because it would be irrelevant and its potential prejudicial effect outweighs any probative value.

As to any witness for which such a stipulation is accurate, plaintiff will stipulate that the witness was housed at Salinas Valley State Prison on January 29, 2002 for an offense punishable by imprisonment in excess of one year.

## II. BACKGROUND STATEMENT

Plaintiff intends to call as witnesses several prisoners who saw the attack on Mr. Todd by defendant Garcia and the other guards, and it appears likely that defendant will offer evidence about their criminal history. Defendant has also indicated he will call Ronell Draper and Thomas Taylor during defendant's case-in-chief and would presumably also ask them about their criminal histories. Absent past convictions that bear directly on their credibility, such evidence can only inflame and confuse the jury and should be excluded.

Plaintiff intends to call the following prisoners as witnesses: Allen Anthony Fulton Jr., Joe Eskridge, Charles Lee Little, and Athan Lee Phillips. At the time of the incident, Mr. Fulton was imprisoned for first degree attempted residential burglary and has prior convictions for first degree burglary, selling drugs to an undercover officer, and parole violations. Mr. Eskridge was imprisoned for double homicide. Mr. Little was imprisoned for drug sales and has prior convictions for felony lewd acts, felony drug sales, and felony burglary as a juvenile. Mr. Phillips was imprisoned for first degree murder and has prior convictions for drug possession for sale and parole violations. Mr. Draper was imprisoned for second-degree murder, and Mr. Taylor was imprisoned for robbery.

## III. EVIDENCE OF AND REFERENCE TO THE CRIMINAL RECORDS OF PLAINTIFF'S PRISONER WITNESSES SHOULD BE EXCLUDED

FRE 609(a)(1) provides that "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by

1

death or imprisonment in excess of one year . . . " but this rule is limited by FRE 609(b), which provides:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction . . . unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The rule goes on to require that a conviction more than ten years old is inadmissible unless the proponent of the evidence provides adequate advance notice of its intent to offer such evidence, which defendant herein did as to Mr. Todd, but not anyone else.

The witnesses that plaintiff intends to call are eyewitnesses to the January 29, 2002 attack on Mr. Todd by defendant Garcia and other guards. The prisoners' deposition testimony differs markedly from that of the guards who, predictably enough, back each other up in most respects. Defense counsel will likely try to make the jury believe that the prisoners are simply bad people, based on whatever crimes they committed before being incarcerated.

The Court should exclude any reference to the criminal records of the prisoner witnesses, particularly any records that are more than ten years old and/or do not involve offenses relating directly to credibility, such as perjury. Such evidence would be irrelevant and its prejudicial effect would far outweigh the probative value, if any. In addition, to the extent that such evidence is more than ten years old, it should be excluded because defendant has never provided any notice that he intends to offer such evidence, as required by FRE 609(b). Again, where accurate, plaintiff will enter into a stipulation that the witness was housed in Salinas Valley Prison on January 29, 2002 for an offense covered by FRE 609(a). The specific offense(s) and any details regarding the witness's criminal conviction(s) are irrelevant, prejudicial, and should be excluded.

Heller Ehrman LLP

2

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO THE CONVICTIONS OF ALL PRISONER WITNESSES
C 03-3995 SBA (BZ)

## IV. CONCLUSION

For the reasons stated above, plaintiff respectfully requests that the Court issue an order prohibiting evidence of and reference to the criminal convictions of any prisoner witness beyond the proposed stipulation.

DATED: January 22, 2008         Respectfully submitted,

                                          HELLER EHRMAN LLP


                                          By _____/s/_____
                                            JUDITH Z. GOLD
                                            WILLIAM J. HAPIUK

                                            Attorneys for Plaintiff
                                            MICHAEL A. TODD

Heller Ehrman LLP

3

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 3 TO EXCLUDE REFERENCE TO THE CONVICTIONS OF ALL PRISONER WITNESSES
C 03-3995 SBA (BZ)