JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>A. LAMARQUE, *et al.*,<br><br>    Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4 TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time:  1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time:  8:30 a.m.<br>Courtroom: 3<br>Judge: Hon. Saundra Brown Armstrong |

Heller Ehrman LLP

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4  TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE:  CASE NO. C 03-3995 SBA (BZ)

## I. INTRODUCTION

Plaintiff Michael A. Todd hereby moves for an order in limine to preclude defendant's "rebuttal" expert Dr. Adam Goldyne from testifying because none of his proposed testimony is genuine rebuttal. Alternatively, plaintiff moves for an order limiting the scope of testimony by Dr. Goldyne. This Court has already ordered that defendant may not call Goldyne as an expert witness in his case-in-chief, because defendant failed to comply with the deadline for expert disclosures. *See* Order dated October 24, 2007. The Court stated that "Dr. Goldyne may be called to testify as a rebuttal witness to rebut or contradict the expert testimony of Dr. Ronald Roberts," plaintiff's expert. *Id.* at 2. The Goldyne testimony that defendant will offer is not proper rebuttal.

## II. DISCUSSION
### A. Procedural Background

Defendant and his counsel have known since the inception of this action that Mr. Todd alleges that defendant Garcia's January 29, 2002 attack on him caused him to become unconscious, suffer a head injury, and experience long-lasting neurological and psychiatric effects. On July 11, 2007 the Court entered a Case Management Order that set October 1, 2007 as the close of fact discovery and also as the date for designating experts. The parties' Joint Case Management Conference Statement filed in early June 2007 had made it clear that both sides would likely call neurological and/or psychiatric experts.

Plaintiff retained Dr. Roberts, who arranged to examine Mr. Todd at Salinas Valley State Prison on September 13, 2007. On that same day, without telling plaintiff or his counsel that they were feeding information from the visitor log to the defense, prison authorities informed defendant's counsel that Dr. Roberts -- *then still plaintiff's undisclosed, confidential work product consultant* -- was working for plaintiff's counsel, and was examining Mr. Todd that day. As we discovered much later, defense counsel then immediately emailed this information to his own still-undisclosed psychiatric expert, Adam Goldyne. A few days later, defendant asked plaintiff's counsel to schedule a Rule 35 examination of Mr. Todd by Goldyne. We agreed that this could occur on almost any day

Heller Ehrman LLP

1
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4  TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE:  CASE NO. C 03-3995 SBA (BZ)

between then and the discovery cut-off, but not afterward.

Defendant and Goldyne refused to avail themselves of the opportunity to conduct a Rule 35 examination of Mr. Todd before the close of discovery. They also failed to complete Goldyne's written report by the due date for expert witness disclosures and reports. On that due date, October 1, defendant designated Goldyne as an expert for his case in chief, but failed to submit any report. Defendant sought an extension of time for both the report and a Rule 35 examination. The defendant failed to explain why he had not diligently accomplished these tasks by the times established by previous Court order. The Court denied defendant's request to submit Goldyne's report late, as well as the request for a Rule 35 examination after discovery had closed. *See* Order dated October 4, 2007.

Then, *still* without submitting any report, defendant took the astounding position that Goldyne could nevertheless testify *in defendant's case in chief* because, according to the defense, the Court had not specified a "sanction" for failing timely to complete a proper designation, with the written report that F.R.C.P. 26 requires. Still later, apparently as a belt-and-suspenders device, designed to get Goldyne in front of the jury "one way or another,"[1] defendant also designated Goldyne as a "rebuttal" witness -- without withdrawing the designation of Goldyne as an expert for his main case -- and finally produced a report. This report barely mentions Dr. Roberts or his report and opinions. *See* Hapiuk Dec., Exh. C.

The Goldyne report and his deposition testimony make it clear that the "rebuttal" designation is a sham. None of the Goldyne testimony that defendant plans to offer can fairly be characterized as rebuttal. The Court has limited Goldyne to rebuttal, and we respectfully request that it firmly enforce that Order. Otherwise, defendant's attorneys will be rewarded for disregarding the Court's scheduling and other orders, and will believe that

---

[1] In an email to Dr. Goldyne discussing the untimeliness of his report, defense counsel said "One way or another, I will get my extension." *See* Hapiuk Dec., Exh D. Plaintiff's exhibits which are all attached to the Declaration of William J. Hapiuk ("Hapiuk Dec."), filed herewith bear letters A through V and are referred to hereafter in plaintiff's motion in limine papers by their letters.

Heller Ehrman LLP

2
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4 TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE: CASE NO. C 03-3995 SBA (BZ)

they can do so with impunity. Absent real implementation of the Court's October 24 Order, plaintiff will be prejudiced because his counsel have prepared the case with the understanding that the Goldyne testimony would be meaningfully limited in accordance with the Order. Should Dr. Goldyne testify at all, he should be limited to specifically responding to and contradicting plaintiff's expert, Dr. Roberts.

### B. A Defendant's "Rebuttal" Is Limited To Responding To Rebuttal By The Plaintiff, If Any; It Does Not Include Matters That Belong In A Defendant's Case In Chief

It is usually true that all of a defendant's case is in some sense responsive to the plaintiff's case. That does not mean that all of the evidence that a defendant may offer is "rebuttal." As one court stated, for a defendant, "the 'rebuttal' concept which is more properly styled 'rejoinder' appertains *only in response to a plaintiff's rebuttal, if any there be*." *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) (emphasis added); *see also Carolan v. Hill,* 553 N.W. 2d 882, 889 (Iowa 1996).

At the close of defendant's case-in-chief, plaintiff may choose not to present rebuttal evidence. If this happens, defendants will have no "rebuttal" case either, and Dr. Goldyne should not be allowed to testify. This Court properly excluded Dr. Goldyne from defendant's case-in-chief. Absent any rebuttal by plaintiff and testimony by Goldyne responding specifically thereto, allowing Goldyne to testify would allow defendant to circumvent the Court's Order.

### C. A Defendant's "Rebuttal" Case Does Not Include (i) Matters That Defendant Always Anticipated, (ii) An Affirmative Presentation Of Defendant's Theories, Or (iii) Other Matters That Belong In A Defendant's Case In Chief

Should the Court allow the defendant to call Goldyne in defendant's case-in-chief rather than limiting him to a surrebuttal (or "rejoinder"), his testimony should be limited to opinions that directly contradict those of Dr. Roberts. The proper function of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party. *U.S. v. Chrzanowski*, 502 F.2d 573, 576 (3d Cir. 1974); *see also U.S. v. Doe*, 488 F.2d 93 (5th Cir. 1973) (where testimony during rebuttal created nothing new, the trial court's refusal to

Heller Ehrman LLP

3

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4 TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE: CASE NO. C 03-3995 SBA (BZ)

allow surrebuttal was proper).

Generalized expert opinions that are not directly responsive to matters introduced by the opposing party are not proper rebuttal. *Home Design Svcs, Inc. v. Hibiscus Homes of Fla., Inc*, No. 603-CV-1860-ORL-19-KRS, 2005 WL 2465020, *4-5 (M.D. Fla. Oct. 6, 2005) ("*Home*"). In *Home*, the plaintiff submitted a purported "rebuttal" expert report that (a) specifically noted alleged flaws in the defense expert's damages analysis, and (2) offered his own damages analysis. The court excluded the latter as "independent analysis that should have been disclosed by the deadline [for original expert reports.]" *Id.* at *5. *See also Steele v. Kenner*, No. 04-1812,129 Fed. Appx. 777, 780, 2005 WL 906190, at *2 (4th Cir. Apr. 20, 2005) (upholding exclusion of purported rebuttal expert testimony because "[a] party may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief); *Daly v. Fesco Agencies N.A., Inc*., Nos. 03-35052, 03-35232, 108 Fed. Appx. 476, 479-80, 2004 WL 1895029, at *2 (9th Cir. July 12, 2004) (explaining that rebuttal is limited to evidence solely intended to "contradict" evidence on the same subject).

Roberts and Goldyne are both effectively damages experts, just as the witnesses in *Home*. As in *Home*, and in light of the authorities discussed above, it *might* be seen as rebuttal if Goldyne identified specific alleged "flaws" in the diagnoses offered by Dr. Roberts. For example, it could conceivably be seen as rebuttal if Goldyne believes certain symptoms are inconsistent with Roberts' diagnoses. But it would *not* be a proper rebuttal to Dr. Roberts for Goldyne to offer alternative diagnoses, or alternative theories about what caused Todd's symptoms.

For example, plaintiff's expert, Dr. Roberts, testified that he does not necessarily disagree with the diagnosis of "a personality NOS disorder antisocial traits," but that it is one that can exist concurrently with the diagnosis that he, Dr. Roberts arrived at and does not change his conclusion at all. There is thus nothing about this aspect of Goldyne's anticipated testimony that constitutes "rebuttal" to any anticipated testimony by Dr. Roberts.

Heller
Ehrman LLP

4
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4 TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE: CASE NO. C 03-3995 SBA (BZ)

Moving beyond areas of contradiction and into affirmative evidence or opinions would be improper. Allowing Goldyne to opine outside the scope of his disagreement with Dr. Roberts' testimony would be the functional equivalent of allowing him to testify during defendant's case-in-chief, would render the concept of "rebuttal" meaningless, and would allow defendant to circumvent the Court's several previous orders relating to the Goldyne designation and the consequences of Goldyne's own and defense counsel's lack of diligence.

### D. Defendant's Re-Labeling Of Goldyne As A "Rebuttal" Witness Is A Sham That Barely – If At All – Affected The Scope of His Work

To the extent that there are doubts about whether any of Dr. Goldyne's anticipated testimony is genuine rebuttal (and almost nothing in the report (Hapiuk Dec., Exh. C) even mentions Dr. Roberts' opinions at all)[2], the Court should consider that it has been known from the outset of the case that Mr. Todd would present evidence that the attack in issue caused him to suffer a brain injury and long-lasting neurological and mental health effects. *See* Hapiuk Dec., Exh. E at pg. 2. Nothing in the Goldyne report responds to anything that was unanticipated or new.

We can also look at the substantial amount of work that Dr. Goldyne did long before plaintiff ever disclosed Dr. Roberts' report, which dwarfs the amount of work that he did after seeing Roberts' report and before the purported "rebuttal" report was delivered. Possibly for that reason, defendant tried mightily to conceal Dr. Goldyne's time records, which were produced only after plaintiff sought Magistrate Judge Zimmerman's intervention.[3] These records show that he recorded approximately 75 hours to this matter

---

[2] Dr. Roberts' opinions are referenced in passing only at pp. 3, 7, and 8 of the 32-page report. *See* Hapiuk Dec., Exh. C at those pages.

[3] The entire history demonstrates that, having lost their opportunity for a straightforward presentation of Dr. Goldyne as an expert for their main case, defense counsel are playing games about his characterization a "rebuttal" witness.
After the Court extended expert discovery so that plaintiff could depose the belatedly-designated Goldyne, the defense took the astonishing position that this only permitted plaintiffs to depose Goldyne, and did not allow for the routine discovery of expert-related *documents*.
Then, defendant asserted that e-mail correspondence between Goldyne and defense counsel about this case, as well as his billing records, were "privileged" and/or "merely administrative." Plaintiff deposed Goldyne without these documents, after which the

5
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4 TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE: CASE NO. C 03-3995 SBA (BZ)

Heller Ehrman LLP

between the date when he was retained, August 8, 2007 and October 16, 2007 when he submitted his report. *See* Hapiuk Dec., Exh. F. Of that amount, only *three hours* were recorded to reviewing Dr. Roberts' report. *Id.*

Goldyne testified in his deposition that he had not reached even a tentative opinion by October 1, the date when defendant first identified him (with no written report) as a testifying expert for defendant's case in chief. It is simply not credible that Dr. Goldyne, an experienced testimonial expert witness, would authorize defendant's counsel to designate him as their expert, or that defendant would do so, unless they both anticipated the substance of his opinions, with a high degree of confidence. The Court need not accept such an implausible assertion. Clearly Goldyne had arrived at the main gist of his opinions before ever receiving Dr. Roberts' report.

"[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything close to one." *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d at 555. Goldyne's testimony should be limited to rebutting the opinions of Dr. Roberts that defendant could not reasonably expect or anticipate. At the very most, he might be permitted to identify matters that in his opinion specifically indicate that Dr. Roberts' diagnoses are wrong. Any other evidence, including any alternative diagnoses, should be excluded.

### E. Dr. Goldyne Has Also Impermissibly Opined About Mr. Todd's Credibility

As discussed in plaintiff's Motion in Limine No. 5, Dr. Goldyne's report and proposed testimony directly contravene the teaching of *U.S. v. Whitted*, 11 F.3d 782, 785-786 (8th Cir. 1993), where the court rejected a similar attempt to cloak an attack on a party's credibility in the guise of medical "diagnosis." Dr. Goldyne should be precluded

---

parties had an informal hearing with Magistrate Judge Zimmerman. Afterwards, counsel finally produced these very telling withheld documents, including the billing records, (Hapiuk Dec,. Exh. F), an email demonstrating the defense's cavalier attitude toward the Court's deadlines (*see* note 1, *supra*), and the secret e-mail correspondence about Dr. Roberts's then-privileged visit to the prison.

Heller Ehrman LLP

6
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 4  TO PRECLUDE (OR LIMIT THE SCOPE OF) DEFENSE "REBUTTAL" EXPERT DR. ADAM GOLDYNE:  CASE NO. C 03-3995 SBA (BZ)

from testifying on that basis as well.

## III.  CONCLUSION

Plaintiff respectfully requests that the Court issue an order preventing Dr. Goldyne from testifying except in specific response to a rebuttal case offered by plaintiff, if any. At a minimum, Goldyne's testimony should be limited to a specific contradiction of any diagnoses presented by Dr. Roberts at trial.

DATED:  January 22, 2008           Respectfully submitted,

                                   HELLER EHRMAN LLP


                                   By _____/s/_____
                                       JUDITH Z. GOLD
                                       WILLIAM J. HAPIUK
                                       Attorneys for Plaintiff
                                       MICHAEL A. TODD