JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>                    Plaintiff,<br><br>     v.<br><br>A. LAMARQUE, *et al.*,<br><br>                    Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time 1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time: 8:30 a.m.<br>Courtroom 3<br>Judge: Hon. Saundra Brown Armstrong |

Heller
Ehrman LLP

## I. INTRODUCTION

Plaintiff Michael A. Todd asks the Court to exercise its discretion under Federal Rule of Evidence 403 to exclude all evidence relating to his pleas of no contest to two charges of "resisting" emanating from the incident at issue. As we show below, these pleas were based on improper charges – with which even the prosecutor disagreed – and were coerced. Moreover, it appears that there were no actual convictions from these pleas. References to "Todd's convictions for resisting" and his related admissions would be inaccurate, and would substantially prejudice plaintiff while wasting time and confusing the issues.

## II. FACTUAL BACKGROUND
### A. The Plea Hearing, September 8, 2003

Two of the three guards who tackled Mr. Todd in the incident at issue in this case claimed to have been injured during the attack. Defendant Garcia claimed that Mr. Todd had scratched his thumb. The other guard, Ferndando Chavez, claimed to have been hit in the groin, although he was unable to say what or who hit him. *See* Hapiuk Dec., Exh. J at p. 32:16-17.[1] A criminal complaint and information were filed that charged Mr. Todd with two counts of battery, one against Garcia, the other against Chavez. No charges of "resisting" were ever asserted by the District Attorney's office. *See* Hapiuk Dec., Exhs. K, L.

On the date set for trial of the battery charges, Mr. Todd appeared *pro se*. He requested that certain witnesses to the incident be brought to court to testify for him, unaware that he had needed to secure writs of *habeas corpus ad testificandum* for and/or subpoena these witnesses. The court chastised Mr. Todd for having earlier refused the assistance of court-appointed counsel (who, in Mr. Todd's opinion, had smelled of alcohol). Hapiuk Dec., Exh. M at 2:23-28. Mr. Todd then said that he had been suffering from

---

[1] Plaintiff's exhibits, which are all attached to the Declaration of William J. Hapiuk ("Hapiuk Dec."), filed herewith, bear letters A through V and are referred to hereafter in plaintiff's motion in limine papers by their letters.

Heller Ehrman LLP

2
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

psychological problems as a result of his injuries in the incident (which included a concussion), and that when he had initially terminated the attorney and decided to serve as his own counsel, he was heavily medicated. The court admonished Mr. Todd that he had made this decision and was bound to it, and said that the case was going to be tried within the next *few minutes*, after a brief recess for other court business. *Id*. at 3:11-12.

During the short recess that followed, Mr. Todd reached a plea agreement with the prosecutor and signed a rights waiver form.[2] Mr. Todd agreed to plead no contest to one count of battery against Chavez, a felony, while count two – the alleged battery of defendant Garcia – would be dropped. Mr. Todd and the prosecutor then returned to the courtroom, and the hearing continued. After the prosecutor informed the judge of the plea bargain, Mr. Todd asked if it was possible to have the battery charges reduced to resisting, saying "it was also stated to me about that it could [sic] -- the charges could be *lessened* and dropped to resisting." *Id*. at 6:23-26 (emphasis added). The court's response was as follows:

> Yes. I'm also going to have you admit guilt to two counts of resisting arrest. There is no guarantees about that at all. I'm going to look at that and see if the situation justifies reducing the case to a misdemeanor.

*Id*. at 6:27-28, 7:1-4. It appears that the court took these pleas so that they would be "in hand" *in case* the court later decided to reduce the charges against Mr. Todd to one (or two) misdemeanors.

Mr. Todd pled no contest to a single battery charge (against Chavez). Dismissal of the second count of battery (against Garcia), however, was delayed until the sentencing hearing. The judge then added counts 3 and 4, the resisting charges, and Todd pled no contest to these as well. *Id*. at 8:13-15.

**B.    The Sentencing Hearing, September 16, 2003**

During the sentencing hearing, the resisting charges were abandoned apparently by

---

[2] The waiver of rights form is unclear as to which offence Todd pled no contest. Given the timing and the fact that no charges for resisting had ever been asserted or discussed, however, it seems clear that the form referred to the alleged battery on Chavez.

3
PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

the prosecutor and the court. After summarizing the incident which led to the charges, the prosecutor addressed the resisting pleas, saying:

> I understand the Court at the [plea] hearing also took pleas from [Mr. Todd] on [resisting charges] because they believed that there was a [resisting charge] in each one of these. *We disagree with that*. The [resisting charges] may be a lesser-related offense, but they are not lesser-included offenses based on my research of the law.

Hapiuk Dec., Ex. N at 3:13-19 (emphasis added). Implicit in the prosecutor's polite statement is the suggestion that the court lacked the authority to charge these offenses, which is a prosecutorial function.

After this, the court never mentions the resisting pleas again. The court does mention the alleged battery, saying it was not clear that the state had sufficient evidence to sustain a claim of battery. *Id*. at 5:8-11. The hearing concludes with the judge sentencing Mr. Todd for count one, battery against Chavez, and attempting to sentence Todd for count two, the battery against Garcia. However, the prosecutor informs the court that the District Attorney had agreed to dismiss count two. The Court then replies, "So it's just the one count then. Count two is dismissed." *Id*. at 9:6-7. The resisting pleas are never mentioned and Mr. Todd is never sentenced for them. The sentencing minute order (Hapiuk Dec., Exh. O) mentions the pleas in the list of charges, which appears to have carried over from the minute order on the change of plea hearing (Hapiuk Dec., Exh. M at 8:13-22). But there is no record of the resisting pleas in any of the new material in the sentencing minute order, or in the description of the sentence. Hapiuk Dec., Exh. O. They also are not mentioned in the Abstract of Judgment sent to the prison following the hearings. Hapiuk Dec., Exh. P.

In short, no judgment of conviction for resisting was ever entered. What is clear is that Mr. Todd was charged with batteries that were unsubstantiated by the testimony, and that resisting charges were suddenly added to the battery *by the judge,* as part of a contingent plea agreement which was never satisfied (since the charges were not reduced to a misdemeanor).

## II. DISCUSSION

Admission of the resisting pleas will waste time, confuse the issues, and call for the

Heller Ehrman LLP

4

PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

presentation of cumulative and confusing evidence about the coercive circumstances surrounding the pleas, the court's lack of authority to charge these offenses, and the lack of any conviction or sentence or judgment relating to these pleas. Most importantly, it will seriously prejudice Mr. Todd's case.

Federal Rule of Evidence 403 provides that although relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. Rules Evid. 403. A district court has broad discretion to make the determinations required by Rule 403. *Garcia v. Los Banos Unified Sch. Dist.*, No. 1:04-CV-6059-SMS, 2007 U.S. Dist. LEXIS 21952, at *2 (E.D. Cal. March 9, 2007). Evidence likely to unduly prejudice the jury typically means the evidence suggests "a decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997). Such evidence is "likely to inflame the passions of the jury sufficiently to distract them from the issues." *U.S. v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985). Because of the serious questions both factual and legal surrounding the pleas as well as the considerable opportunity for defendant to present the facts using other evidence, the Court should deny admissibility of the pleas and all related evidence as substantially less probative than prejudicial.

### A.   Todd Was Never Convicted Of Resisting

While the law applicable to this unusual situation is not entirely clear, for all the reasons the Court discussed in its Order dated January 14, 2008, it does not appear that Mr. Todd was ever actually convicted of resisting. In its Order, the Court cited authority for the proposition that a "conviction" includes a judgment or sentence. Order at 12 citing *Egar v. Super. Ct.*, 120 Cal. 4th App. 1306, 1308 (Cal. Ct. App. 2004) ("A conviction generally means the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged"); *In re Ringnalda*, 48 F. Supp. 975, 977 (S.D. Cal. 1943) ("the general view, which obtains also in federal courts, that when we speak of a 'conviction' from which disabilities flow, we refer to a conviction followed by the imposition of a sentence, which is

5

Heller Ehrman LLP

PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

the judgment in a criminal case.")

Under the California Constitution,[3] a court may independently find a defendant guilty of a lesser included charge, but not a lesser related one. *People v. Valentine*, 143 Cal. App. 4th 1383, 1387 (Cal. Ct. App. 2006) ("California law does not permit a court to instruct on an uncharged lesser related crime unless agreed to by the prosecution"); *People v. Birks*, 19 Cal. 4th 108, 134 (Cal. 1998) ("It is well settled that the prosecuting authorities, exercising executive functions, ordinarily have the sole discretion to determine whom to charge with public offenses and what charges to bring"); *see also*, Cal. Penal Code § 1159 (2008). Allowing a judge to do so would raise issues of basic separation of powers principles. *See* January 14, 2008 Order at 12. Here, the state prosecutor explicitly informed the court that the resisting charges were not lesser included offenses, but were lesser related offenses. It is after this point that the court drops any reference or discussion of the resisting counts completely. The reasonable conclusion is that the court agreed that it had not been authorized to add the resisting charges without the cooperation of the District Attorney.

Furthermore, defendant contends that the moment Mr. Todd – seemingly under the impression that he was going to have his charges reduced to misdemeanors – pled no contest, a conviction came into existence, regardless of any and all circumstances surrounding the plea. Even if this were true, as this Court pointed out in its Order of January 14, 2008, the term "conviction" has "no uniform or unambiguous meaning in California." *People v. Mendoza*, 106 Cal. App. 4th 1030, 1033 (Cal. Ct. App. 2003); *see also People v. Rhoads*, 221 Cal. App. 3d 56, 60 (Cal. Ct. App. 1990) (noting that "the term 'convicted' has no fixed definition and has been interpreted by the courts of this state to have various meanings, depending upon the context in which the word is used"). Here, neither the surrounding facts or applicable law support a conclusion that Mr. Todd was

---

[3] The California Constitution (art. III, § 3) states that "[t]he powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

Heller Ehrman LLP

6

PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

"convicted" of resisting.

While it is true that in some circumstances, a no contest plea can serve as the basis for a "conviction", normally a court must also pronounce judgment. *People v. Blackman*, 223 Cal. App. 2d 303, 307 (Cal. Ct. App. 1963) ("After a conviction, following either a plea or verdict of guilty, the court *must* pronounce judgment upon the defendant, i.e., impose a fine or sentence of imprisonment. Pronouncement of judgment *must* be done orally. To do so the court *must* "utter" its determination in the premises.") (citations omitted) (emphasis added); *see also*, Cal. Penal Code § 1207 (2008); *People v. Mendoza*, 106 Cal. App. 4th 1030, 1033 (2003) ("when a civil disability is a consequence of a conviction, the term generally includes the guilty verdict *and* the judgment…") (emphasis in original).

As happened in the cases cited by defendant in connection with his second unsuccessful summary judgment motion, the court may delay pronouncement of judgment in favor of a suspended sentence or probation, without changing the fact that in that circumstance the plea amounts to a "conviction."[4] However, nothing of that kind occurred in this case. When a person has actually been convicted, the court may not drop the matter of sentencing completely. *People v. Super. Ct. of Solano County,* 202 Cal. App. 2d 850, 855 (Cal. Ct. App. 1962) ("[T]he power of the court in dealing with an offender to be sentenced for judgment on a plea or verdict of guilty is limited to either sentencing the defendant, suspending execution of sentence and entertaining an application for probation, or withhold the imposition of judgment and place the defendant on probation").

Here, the court did none of these things, clearly because it did not view the resisting pleas, made by Mr. Todd for consideration that was never provided, as convictions. The court here pronounced judgment on only the battery against Chavez, completely ignoring

---

[4] Defendant's December 11, 2007 Reply in Support of Motion for Summary Judgment cites *Gutierrez v. INS*, 323 F.2d 593, 595 (9th Cir. 1963) and *People v. Aguilar*, 112 Cal. App. 4th 111, 114 (Cal. Ct. App. 2003) to support the claim that the convictions existed at the moment Todd pled no contest. These cases address the status of convictions where pleas were entered, but at sentencing proceedings were suspended and probation was granted. The issue in both cases was whether the conviction still existed after the defendant satisfied the conditions of probation. Such cases shed no light here.

Heller Ehrman LLP

7

PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

the resisting pleas, and, stating: "So it's *just* the one count then. Count two is dismissed." Hapiuk Dec., Exh. N at p. 9:6-7. (emphasis added). These actions do not support a finding that Mr. Todd was convicted for resisting, but rather that the court tacitly withdrew the charges it had unilaterally asserted and permitted the pleas to those charges to be withdrawn.

For purposes of this case, the unfulfilled plea agreement in which Mr. Todd pled no contest to resisting should be treated as a non-event.

### B. The Plea Evidence Would Require A Lengthy, Confusing Exploration Of Collateral Matters, And Defendant Can Attempt To Prove That Mr. Todd "Resisted" Based On Eyewitness Testimony

Defendant attempts to find a shortcut to the key disputed issues in this case – to rely upon the no contest pleas to argue that Mr. Todd actually resisted, and deserved what was coming to him. But the record does not support the conclusion that the pleas to resisting are actually reliable evidence of what actually happened. As discussed by this Court in its January 14, 2008 Order a "plea of no contest to a misdemeanor is not a factual admission." *See* Order at 13 citing California Penal Code section 1016(3). The Order also cites Ninth Circuit authority holding that "a plea of nolo contendere . . . is, first and foremost, not an admission of factual guilt. It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty." *U.S. v. Nguyen*, 465 F.3d 1128, 1130 (9th Cir. 2006).

The situation in which Mr. Todd found himself was horrifyingly coercive and unfair. A trial for which he was wholly unprepared and ill-equipped was about to begin. He was being offered the hope, at least, that if he pled to the resisting charges, he might be able to avoid a felony conviction and a "strike."

If the plea evidence were admitted in this trial on his § 1983 claim, Mr. Todd and perhaps other witnesses would need to explain these facts in detail, and the complex legalities of the situation, which are confusing and unclear even to the experienced lawyers in this case, would also need to be explained. Admitting the evidence would thus lead to a collateral exploration of the pleas, their significance – or lack thereof – and the coercive

Heller Ehrman LLP

8
PLAINTIFF'S MICHAEL A. TODD'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE OF HIS NO CONTEST PLEAS TO "RESISTING"
C 03-3995 SBA (BZ)

situation that prompted Mr. Todd to agree to them. Such an exploration would be extraordinarily wasteful and potentially confusing, as well as prejudicial.

Under rule 403, "[i]f there is alternative evidence with substantially the same or greater probative value as the proffered evidence but with a lower danger of unfair prejudice, exercise of a sound judicial discretion would discount the value of the proffered item and exclude the proffered evidence if its discounted probative value were substantially outweighed by unfairly prejudicial risk." *Garcia v. Los Banos Unified Sch. Dist.,* No. 1:04-CV-6059-SMS, 2007 U.S. Dist. LEXIS 21952, at *3 (E.D. Cal. March 9, 2007). Defendant is free to call the eyewitnesses to the incident – and to testify on his own behalf – to describe any conduct which he contends constituted "resisting" by Mr. Todd. The pleas add nothing substantive or reliable to defendant's story, are prejudicial and confusing, and evidence relating to these pleas should be excluded.

## III.   CONCLUSION

For these reasons, plaintiff asks that the Court exclude all evidence relating to the "resisting" pleas.

DATED: January 22, 2008                Respectfully submitted,

HELLER EHRMAN LLP


By _____/s/_____
    JUDITH Z. GOLD
    WILLIAM J. HAPIUK
    Attorneys for Plaintiff
    MICHAEL A. TODD