JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone:   (415) 772-6000
Facsimile:    (415) 772-6268
E-mail:           judith.gold@hellerehrman.com
                      bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD<br><br>                      Plaintiff,<br><br>    v.<br><br>A. LAMARQUE, et al.,<br><br>                      Defendant. | Case No. C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF PRIOR NOLO PLEA AND BATTERY CONVICTION RELATED TO THE INCIDENT**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time:   1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time:   8:30 a.m.<br>Courtroom: 3<br>Judge: Hon. Saundra Brown Armstrong |

Heller
Ehrman LLP

## I. INTRODUCTION

Plaintiff Michael A. Todd hereby moves for an order in limine excluding at trial any evidence relating to his conviction for battery on prison guard Fernando Chavez occurring on January 29, 2002, or any of the admissions he made as a condition of the plea bargain that resulted in that conviction. The conviction, obtained based upon Mr. Todd's no contest plea under extraordinarily unfair and coercive circumstances, would be unduly prejudicial and its admission would require a time-consuming side trip to explore the circumstances leading to the plea. Indeed, as the Court noted in its recent ruling denying defendant summary judgment, "Chavez makes no claim at this time that Todd struck him in the groin. Chavez testified that he did not see who it was that actually struck him." Jan. 14, 20008 Order at 15. If Mr. Todd did in fact batter Mr. Chavez, and if that is relevant to this case, defendant has other means of proving that fact.

## II. FACTUAL BACKGROUND

As a result of the January 29 incident, Mr. Todd was charged with two counts of "battering" a peace officer. Defendant Garcia, received a tiny scratch on his thumb. Another guard involved in the three-man tackle that left plaintiff Todd unconscious – Mr. Chavez, who is no longer a defendant – claimed to have been hit in the groin, but could not say whether he was hit accidentally or deliberately, or was hit by Todd's head, hand, foot, or some other body part, or was hit by someone else entirely. As often happened during the Green Wall guard gang's reign at Salinas Valley State Prison, Mr. Todd – the inmate victim of guard abuse – was charged with two counts of "battering" a peace officer.

Heavily medicated, still suffering from the after-effects of the concussion he had suffered in the attack, and serving a life sentence in any event, Todd decided to represent himself. On the day set for trial, however, it became clear that Mr. Todd did not know how to obtain the attendance of favorable witnesses, and was otherwise not equipped to proceed

Heller Ehrman LLP

in *pro se*. *See* Hapiuk Dec., Exh M at p. 2:11-15.[1]  He asked for a continuance, but the trial judge refused, saying that Mr. Todd was bound to his earlier decision not to have counsel, and said that the trial would begin *in a few minutes*. *Id.* at 3:11-12.

During a brief recess, Mr. Todd reached a plea bargain with the prosecutor. The charge of battering Garcia was dropped, and Mr. Todd pled *nolo contendere* to the charge of battery on Mr. Chavez. *Id*. at 7:14.  As a condition of accepting this plea bargain, the trial judge demanded that Todd admit that he was guilty of the charge, even though the evidence reflects that even the judge was doubtful that he had actually committed that offense. Hapiuk Dec., Exh. N at p. 5:8-11.  The defendant seeks to use these facts as a substitute for proving what actually happened.

## III.  ARGUMENT

For all the reasons the Court discussed in its Order dated January 14, 2008, Todd's plea of no contest, his admission, and conviction on the charge of battery on Mr. Chavez are all procedurally and factually questionable.  In denying defendant's second motion for summary judgment, the Court rejected defendant's claim that the "probable-cause determination implicitly found that Todd did not act in self-defense or defense of another." Order at 17.  The Court correctly stated that the "only issue litigated at the preliminary hearing was [ ] the existence of probable cause to believe that Todd committed battery," finding that "the plaintiff correctly points out that it is not clear what the factual basis of the probable cause finding was" and that probable cause for trial "is not the same issue as whether Garcia used excessive force before the battery [on Chavez] by applying extreme pressure to Todd's wrists in attempting to handcuff him, or using excessive force after the battery [on Chavez] by beating Todd as he lay unconscious." Order at 16, 19.

In the absence of a factual admission by Mr. Todd that he in fact "battered" Mr. Chavez, the probative value of this evidence is very low, especially given that the plea was

---

[1] Plaintiff's exhibits, which are all attached to the Declaration of William J. Hapiuk ("Hapiuk Dec."), filed herewith, bear letters A through V and are referred to hereafter in plaintiff's motions in limine papers by their letters.

Heller Ehrman LLP

3
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF PRIOR NOLO PLEA AND BATTERY CONVICTION RELATED TO THE INCIDENT
CASE NO. C 03-3996 SBA (BZ)

obtained under extraordinarily coercive circumstances that required Todd to act very quickly and without adequate time to consider his decision. The evidence during the preliminary hearing did not substantiate that Todd battered Mr. Chavez at all. Even Mr. Chavez cannot say for sure who hit him. *Id.* Exhibits J and N, hereto, the Sentencing and Preliminary Hearing Transcripts demonstrate that Mr. Chavez could not say who "assaulted" him (Hapiuk Dec., Exh. N at p. 6:12-13; Ex. J at p. 32:16-17) and that both the Court and the prosecutor recognized that the evidence that Mr. Todd did so was very thin. Hapiuk Dec., Exh. N at p. 5:8-11, p. 3:8-9. The plea thus proves very little except that Mr. Todd was in an unimaginably difficult position, without representation, without resources, without any time to consider his options or obtain any advice, without any sympathy from the judge, without practical help or even moral support, from anyone, in shackles, and about to be returned prison for the rest of his life, no matter what he did.

During the upcoming trial, witnesses (including Mr. Chavez) may testify about what they actually recall about the alleged "battery" by Mr. Todd on Mr. Chavez. But the conviction, the *nolo* plea, and the "admission of guilt" which was a condition of the plea being accepted should all be excluded under Federal Rule of Evidence 403, as unduly prejudicial and not particularly probative. This evidence should also be excluded because otherwise a significant amount of trial time will need to be expended exploring such collateral matters as why Mr. Todd entered the plea, why he initially rejected his court-appointed lawyer (who smelled of alcohol according to Mr. Todd), and other circumstances surrounding the criminal proceeding.

What *might* be relevant here – if it could be proven – would be a battery by Todd on one of the guards involved in the incident. In the circumstances described above, the conviction does little to establish that such a thing occurred, but creates a great danger of prejudicing the jury. Under Rule 403, "[i]f there is alternative evidence with substantially the same or greater probative value as the proffered evidence but with a lower danger of unfair prejudice, exercise of a sound judicial discretion would discount the value of the proffered item and exclude the proffered evidence if its discounted probative value were

4

substantially outweighed by unfairly prejudicial risk." *Garcia v. Los Banos Unified Sch. Dist.,* No. 1:04-CV-6059-SMS, 2007 U.S. Dist. LEXIS 21952, at *3 (E.D. Cal. March 9, 2007).  Defendant is free to call the eyewitnesses to the incident to describe any conduct which he contends constituted "battery" by Mr. Todd on Chavez.  The plea, the "admission," and the conviction add nothing substantive or reliable to defendant's story, are prejudicial and confusing, and evidence relating to these pleas should be excluded.

## IV.   CONCLUSION

Plaintiff therefore requests an order in limine prohibiting reference to or evidence of Mr. Todd's nolo plea, admission of guilt, or resulting conviction for battery on Mr. Chavez.  Such evidence should be excluded for any purpose, whether on direct examination, cross-examination or for impeachment.

DATED:  January 22, 2008            Respectfully submitted,

                                    HELLER EHRMAN LLP


                                    By _____/s/_____
                                       JUDITH Z. GOLD
                                       WILLIAM J. HAPIUK

                                       Attorneys for Plaintiff
                                       MICHAEL A. TODD

5
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF PRIOR NOLO PLEA AND BATTERY CONVICTION RELATED TO THE INCIDENT
CASE NO. C 03-3996 SBA (BZ)