JUDITH Z. GOLD (State Bar No. 97098)
WILLIAM J. HAPIUK (State Bar No. 220574)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
E-mail: judith.gold@hellerehrman.com
bill.hapiuk@hellerehrman.com

Attorneys for Plaintiff
MICHAEL A. TODD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL A. TODD,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>A. LAMARQUE, *et al.*,<br><br>　　　　　　　　　　Defendant. | Case No.: C 03-3995 SBA (BZ)<br><br>**PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE**<br><br>Pretrial Conference: Feb. 5, 2008<br>Time:　1:00 p.m.<br>Trial Date: Feb. 11, 2008<br>Time:　8:30 a.m.<br>Courtroom: 3<br>Judge:　Hon. Saundra Brown Armstrong |

Heller Ehrman LLP

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

## I. INTRODUCTION

This motion in limine addresses four people on defendant's witness list that defendant failed to disclose as required by Federal Rule of Civil Procedure 26. For this reason alone they should be excluded. But even if they had been properly disclosed, their proposed testimony is irrelevant and inadmissible.

Two of the individuals – Mary Tatum and John Turner – are purportedly the Monterey County prosecutors involved in the criminal action against plaintiff following the January 29, 2002 incident at issue here. It is difficult to imagine what possible relevance their testimony might have to this action, since, as this Court affirmed in its order denying defendant summary judgment, the "core inquiry" in this action concerns defendant Garcia and whether he used excessive force – an issue that certainly was not tried in the criminal action. Defendant's description of their proposed testimony confirms how preposterous it would be for these two prosecutors to testify. Defendant proposes that they will offer their opinion that they found no illegal conduct among the guards, including apparently defendant Garcia. But that begs the question why these prosecutors would have been investigating the guards in the first place, when it was plaintiff Mr. Todd who had been charged and the allegations about the Code of Silence and the Green Wall guard gang were being covered up at the time. Moreover, opinion testimony about the legality or illegality of the guards' conduct, even if it had been properly disclosed, is not a proper subject of expert testimony.

The other two individuals – Greg Salazar and Gary Jordan – are prison employees whose only testimony will be their opinions "about [defendant Garcia]'s good character as a person, and as a correctional officer." Of course, such character evidence is inadmissible.

The Court should exclude all four witnesses.

## II. BACKGROUND

Defendant served his initial disclosures on June 13, 2007, his expert disclosures on October 1, 2007, and a "rebuttal" expert disclosure on October 17, 2007, copies of which

Heller Ehrman LLP

2

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

are attached as Exhibits T, U, and V, respectively, to the Declaration of William J. Hapiuk filed herewith. Neither defendant's list of persons likely to have discoverable information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A) nor his list of persons expected to give expert testimony pursuant to Rule 26(a)(2) included Mary Tatum, John Turner, Greg Salazar, or Gary Jordan. Defendant never served amended disclosures. Nor had defendant ever disclosed these individuals as persons with knowledge or as persons whom defendant may call at trial, despite exchanging witness lists with plaintiff as required by the Court's July 11, 2007 Order For Pretrial Preparation, until after the close of business on January 14, 2008 – less than 30 days before trial.[1]

## III. DISCUSSION

### A. Defendant Failed To Provide Timely Disclosure Of These Witnesses

The Court should exclude any testimony by Ms. Tatum and Messrs. Turner, Salazar, and Jordan because defendant did not disclose any of them as persons likely to have discoverable information as required by Federal Rule of Civil Procedure Rule 26(a)(1)(A), or as persons who may present expert testimony at trial as required by Rule 26(a)(2). Rule 37(c)(1) gives teeth to the disclosure requirements of Rule 26(a) by forbidding use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.[2] The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)" because Rule 37 "is a recognized broadening of the sanctioning power" to induce compliance with Rule 26. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Advisory Committee Notes

---

[1] The parties exchanged witness lists in late December 2007 and early January 2008. Plaintiff made a good faith effort to identify all witnesses whom he intended to call at trial, and included certain individuals that plaintiff had only learned might have relevant information following the California Department of Corrections and Rehabilitation's belated production of a few responsive documents. Plaintiff promptly gave written notice of his intent to call these individuals as witnesses, in accordance with Rule 26(e)(1)(A). Defendant never gave plaintiff any such notice of the four people at issue in this motion.

[2] Rule 37(c)(1) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . . ."

3

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

describe Rule 37(c)(1) as a "self-executing," "automatic" sanction to "provide[] a strong inducement for disclosure of material. . . ." Fed. R. Civ. P. 37 advisory committee's note (1993).

With regard to the two exceptions to the "self-executing" and "automatic" nature of Rule 37(c)(1) exclusion sanctions, the burden is on defendant to prove that his failure to disclose Ms. Tatum and Messrs. Turner, Salazar, and Jordan was substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107. Here, no justification has been proffered, and defendant's failure to disclose them was far from harmless. Lacking notice of them, plaintiff did not have an opportunity to depose them, and would thus be substantially prejudiced if any of them were allowed to testify at trial. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (affirming exclusion of late-identified witnesses even though witnesses were made available for deposition and trial was "some months away").

### B.  The Proposed Testimony By Ms. Tatum And Mr. Turner Is Irrelevant And Inadmissible

The Court should exclude the testimony of the Monterey County prosecutors Ms. Tatum and Mr. Turner for the following additional reasons. It is apparent that their only testimony would be their baseless, improper legal conclusion about whether the conduct of the guards who attacked Mr. Todd, including defendant Garcia, was "illegal." Clearly neither of them has any personal knowledge of the events at issue here; their testimony would be pure opinion testimony. Testimony in the form of a legal conclusion is impermissible. *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (affirming trial court's exclusion of testimony constituting an inadmissible legal conclusion); *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985). And that is all defendant says these two witnesses would offer. Defendant describes their proposed testimony as follows:

> To the extent [Mr. Todd] is permitted to introduce 'Code of Silence' or 'Green Wall' evidence at trial and argue that the January 29, 2002 incident was consistent with such illegal conduct, [Ms. Tatum and Mr. Turner] will testify that [they] found no evidence of such illegal conduct. Moreover, [they]

4

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

Heller Ehrman LLP

would testify that if such evidence were present, [they] would not have prosecuted [Mr. Todd].

Defendant's Jan. 15, 2008 Summary of Witnesses and Proposed Testimony at pp. 8-9.

Defendant's tactic is clear: confuse the jury to Mr. Todd's prejudice by using the prosecutors' testimony to suggest that none of the guards' "conduct," including defendant Garcia's, was "illegal" – whatever that may mean. Such testimony would be improper. *See* Fed. R. Evid. 704 advisory committee notes (noting that the Federal Rules of Evidence do not permit "the admission of opinions which would merely tell the jury what result to reach"). It will be up to the jury to decide if defendant Garcia's conduct violated Mr. Todd's constitutional rights.

Moreover, whether defendant Garcia's "conduct" (or that of any of the guards) was "illegal" in the minds of the prosecutors is unconnected to the issues the jury must decide. *See id.* (noting that "[the Rules] also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria"); *see also* Fed. R. Evid. 403, 701, 702. Defendant would like the jury to think that they cannot hold defendant Garcia liable for excessive force unless he and/or the other guards were found to have engaged in "illegal conduct." But that is *not* the standard for proving excessive force. *See Hudson v. McMillian*, 503 U.S. 1 (1992) (setting forth elements). To permit defendant and his witnesses to suggest otherwise would simply confuse the jury.

Permitting Ms. Tatum and Mr. Turner to testify would also be a distraction and introduce extraneous matters into the trial. Certainly, there is nothing in the record developed in this case that even suggests that the Monterey County district attorney investigated the Code of Silence or the Green Wall as part of its prosecution of Mr. Todd, or were even aware of the allegations at the time. In fact, the record developed so far leads to the opposite conclusion: that the California Department of Corrections and Rehabilitation in general, and Salinas Valley State Prison in particular, were (and remain) engaged in a cover-up of massive proportions about the Green Wall guard gang. Fernando Chavez, one of the guards involved here, was not fired for his Green Wall activities until more than two

Heller Ehrman LLP

5

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

years after the attack on Mr. Todd.  There is no reason to think the deputy district attorneys who prosecuted Mr. Todd had any reason to question what Chavez, Garcia, and the other guard witnesses chose to tell them about the attack.

### C. Any Testimony About Defendant Garcia's "Good Character," Including Any From Messrs. Salazar And Jordan, Is Irrelevant And Inadmissible

There are likewise additional reasons why the Court should exclude Messrs. Salazar and Jordan.  The only testimony that defendant intends to offer through them is their opinion of defendant Garcia's "good character," which constitutes improper and inadmissible character evidence.  *See* Fed. R. Evid. 404(a).  Defendant states that:

> To the extent [Mr. Todd] is permitted to attack Officer Garcia's character with evidence, including the purported "Code of Silence" or "Green Wall" evidence, [Messrs. Salazar and Jordan] will testify about [defendant Garcia's] good character as a person, and a correctional officer.

Defendant's Jan. 15, 2008 Summary of Witnesses and Proposed Testimony at p. 9.  Defendant misconstrues the nature of plaintiff's evidence of the Code of Silence and the Green Wall guard gang, which is not about defendant Garcia's character.  This evidence provides the circumstances in which defendant Garcia's attack on Mr. Todd took place.  The jury is entitled to hear this evidence because it provides context, it bears on defendant Garcia's motive and is probative of his state of mind, because it casts significant doubt on the credibility of many of the witnesses and the reliability of some of the SVSP's investigative findings, and for other reasons.  The idea that the admission of this highly probative evidence would give rise to a parade of witnesses into the trial to talk about Garcia's supposed good character is simply wrong.

## IV. CONCLUSION

For these reasons, the Court should strike Ms. Tatum and Messrs. Turner, Salazar, and Jordan from defendant's witness list.  The Court should exclude at trial any testimony by Ms. Tatum and/or Mr. Turner, and any evidence that might be offered relating to the purported opinions or beliefs of Ms. Tatum, Mr. Turner, or any other person involved in the prosecution of Mr. Todd following the January 29, 2002 incident, including without limitation any opinions or belief they may have about the involvement of any guard

Heller
Ehrman LLP

6

PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)

involved in this case in the guard gang known as the "Green Wall." The Court also should exclude at trial any testimony by Messrs. Salazar and/or Jordan, and any other evidence that might be offered relating to the purported opinions or beliefs of Messrs. Salazar and/or Jordan or any other person regarding defendant Garcia's "good character as a person and as a correctional officer."

DATED:  January 22, 2008          Respectfully submitted,

                                          HELLER EHRMAN LLP

                                          By _____/s/_____
                                              JUDITH Z. GOLD
                                              WILLIAM J. HAPIUK

                                              Attorneys for Plaintiff
                                              MICHAEL A. TODD

Heller Ehrman LLP

7
PLAINTIFF MICHAEL A. TODD'S MOTION IN LIMINE NO. 8 TO EXCLUDE DEFENDANT'S LATE DISCLOSED WITNESSES WHOSE TESTIMONY WOULD BE IRRELEVANT AND INADMISSIBLE
C 03-3995 SBA (BZ)