**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MICHAEL ANDRE TODD,

    Plaintiff,

v.

A. LAMARQUE (ROGELIO C. GARCIA),

    Defendant.

No. C 03-3995 SBA

**ORDER**

[Docket No. 226]

Before the Court is plaintiff Michael Todd's petition that this Court certify the defendant's interlocutory appeal as frivolous and forfeited [Docket No. 226]. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS Todd's petition to certify the defendant's interlocutory appeal as frivolous.

## BACKGROUND

This case was filed on September 2, 2003. The pre-trial conference is set for February 5, 2008, with a jury trial currently scheduled for February 11, 2008. Defendant Garcia previously filed a summary judgment motion, asserting qualified immunity from liability for the acts alleged in Todd's complaint. This motion was denied on October 25, 2006. *See* Docket No. 57. Garcia did not appeal the Court's ruling at that time. On November 9, 2007, Garcia filed a second motion for summary judgment, again asserting qualified immunity. *See* Docket No. 156. Garcia claimed that since the first summary judgment motion, "further factual development shows that Plaintiff's sole remaining claim lacks merit." Docket No. 178, at 2. The Court found, however, that "[t]he only real factual development since the first summary judgment motion is that there are now four additional eyewitnesses corroborating Todd's version of events." Docket No. 197, at 7. In addition, the Court found that Garcia's "further factual development," as expressed in his "Statement of Undisputed Material Facts" was a serious misrepresentation of disputed facts. *Id*. at 7-8. The Court denied this second motion for

summary judgment on January 14, 2008. The defendant chose not to take an immediate interlocutory appeal.

Parallel discovery proceedings have been ongoing before Magistrate Judge Bernard Zimmerman. On January 18, 2008, Magistrate Zimmerman was forced to issue a "Notice of Intent to Certify Contempt" in light of continuing non-compliance with discovery and court orders by defense counsel, the California Department of Corrections, and the Salinas Valley State Prison. *See* Docket No. 224. This notice and the later certification suggests that the California Department of Corrections and/or the Salinas Valley State Prison has withheld evidence, failed to appear at duly noticed depositions (or seek to quash any such depositions if they had objections), failed to heed court orders, and failed to comply with the Federal Rules of Civil Procedure. *See* Docket Nos. 224, 228. The January 18th notice declares that:

> In the event the discovery required by the Discovery Order is not completed by **5:00 p.m.** today, counsel for plaintiff shall immediately file a declaration under penalty of perjury setting forth the facts of the witnesses' non-compliance. The court will then certify the facts it believes constitute contempt to Judge Armstrong pursuant to 28 U.S.C. § 636(e)(6).

Docket No. 224, at 2.

The defense did not comply with this order. On January 22, 2008, the Magistrate Judge issued a Certification of Facts Regarding Contempt at 12:42 P.M. *See* Docket No. 228. At 4:16 P.M. on January 22, 2008, the defendant filed an interlocutory appeal of this Court's order denying his second motion for summary judgment. *See* Docket No. 233. A further hearing before Magistrate Judge Zimmerman is scheduled for January 25, 2008, at 1:30 P.M. *See* Docket No. 229.

**LEGAL STANDARDS**

The filing of a notice of an interlocutory appeal divests district courts of jurisdiction over the particular issues involved in that appeal and divests the district court with jurisdiction to proceed *with trial. See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984) (per curiam). The Ninth Circuit has held, however, that "[s]hould the district court

find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Chuman*, 960 F.2d at 105; *see also California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (explaining and applying *Chuman* certification process). "In the absence of such certification, the district court is automatically divested of jurisdiction to proceed *with trial* pending appeal." *Chuman*, 960 F.2d at 105 (emphasis added).

A qualified immunity claim may be certified as frivolous if it is "so baseless that it does not invoke appellate jurisdiction." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citation omitted); *see also Wilson v. Maricopa County*, 484 F. Supp. 2d 1015, 1021 (D. Ariz. 2006). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *In re George*, 322 F.3d 586, 591 (9th Cir. 2003) (per curiam) (citation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an appeal on a matter of law is frivolous where none of the legal points are arguable on their merits); *Schering Corp. v. First DataBank Inc.*, 2007 WL 1747115, at *3 (N.D. Cal. 2007).

**ANALYSIS**

There simply is no right to an interlocutory appeal of an order denying qualified immunity, unless the defendant accepts *all* of plaintiff's facts as true. *See Adams v. Speers*, 473 F.3d 989, 990-91 (9th Cir. 2007) (the defendant "can make an interlocutory appeal from the ruling on immunity only if he accepts as undisputed the facts presented by the appellees"). The defendant plainly did not do so in his motion for summary judgment, given that his motion was premised on disregarding evidence favorable to the plaintiff and viewing the record in a light most favorable to the movant. And, as the Court observed, Garcia's summary judgment motion was "blighted" by the "misrepresentation" that the vigorously disputed facts on which it was based were "undisputed." Docket No. 197, at 7-8. Any appeal will be immediately dismissible on its merits for this reason.

In his opposition to Todd's current petition, the defendant states that "defendant's summary judgment motion raised four bases for qualified-immunity." Def.'s Opp. to Pet. at 3:18-19. This is inaccurate: two of the grounds for summary judgment were focused on issues of liability, not immunity:

3

(1) the doctrine involved in *Heck v. Humphrey*, 512 U.S. 477 (1994)[1] and (2) issue-preclusion.[2]

With respect to qualified immunity itself, as opposed to liability, the Court addressed this by looking at what a reasonable officer in Garcia's position would have believed, viewing the facts in the light most favorable to the plaintiff. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court rejected the defendant's insistence that this Court view the disputed facts against Todd, the non-movant, based upon *Scott v. Harris*, 127 S. Ct. 1769 (2007). The Court found *Scott v. Harris*, 127 S. Ct. 1769 (2007), completely inapposite because there is "nothing remotely akin to" the videotape in that case that "blatantly contradicted" the facts alleged by the plaintiff. Docket No. 197, at 21. The defendant's attempt to have the facts on qualified immunity viewed in his favor is wholly without merit. By extension, and for the same reason, the appeal is frivolous.

Finally, the resort to official immunity appeal is highly suspect given its timing and the overall circumstances of this action. *Cf. Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991) (discussing the potential for abuse of interlocutory appeals). This case has been pending for nearly five years. The Court denied the defendant's claim of qualified immunity in October 2006, but no appeal was taken. The Court denied the defendant's claim of qualified immunity a second time, but no appeal

---

[1] Indeed, in the very case that defendant cites in his notice of appeal for the notion that he can appeal a liability ruling if it is "intertwined" with the denial of immunity, the Ninth Circuit explicitly rejected the idea that issues relating to the *Heck* doctrine are "intertwined" with issues of qualified immunity. *See Cunningham v. Gates*, 229 F.3d 1271, 1285 (9th Cir. 2000) (holding that "[t]he *Heck* issue is not 'inextricably intertwined' with the qualified immunity issues properly before us on interlocutory appeal . . . .").

[2] The defendant's opposition to certification also points to a discussion in the Court's order denying the second summary judgment motion with respect to issue preclusion by arguing that the law is not entirely clear as to whether Todd's *nolo contendere* pleas on charges that the judge imposed and later apparently withdrew were actually "convictions" for purposes of the *Heck* doctrine. First, this again deals with immunity, not liability.

Second, while the law on that fine point may indeed be unclear, the entire argument about *Heck* is inapposite because *Heck* does not relate to immunity, which is the only issue that might give rise to a right of interlocutory appeal. Moreover, the Court ultimately found that it was *immaterial* whether or not these resisting arrest pleas were "convictions," because even if they were, case after case has rejected the application of the *Heck* doctrine to bar excessive force claims when, as here, the excessive force might have occurred before, or after, the alleged resisting. Docket No. 197, at 13-14 (citing *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc); *Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996); *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001)).

was noticed by the defendant until after the Magistrate Judge issued an intent to certify the defense's allegedly egregious recalcitrance for contempt and then did issue the certification. The defendant has not sought to seek appellate review of the qualified immunity claim in any sort of prompt fashion.

## CONCLUSION

Accordingly, the Court GRANTS plaintiff Michael Todd's petition to certify the defendant's interlocutory appeal as frivolous [Docket No. 226]. Pursuant *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), the Court retains jurisdiction.[3] The action shall proceed per the Court's prior orders. The pre-trial conference set for February 5, 2008 remains on schedule.

Furthermore, all defense counsel of record and other persons ordered to do so shall appear before Magistrate Judge Zimmerman on Friday, January 25, 2008. In addition to certification for contempt, a magistrate judge has authority to impose discovery sanctions. *See Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("We hold that magistrates may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order"). A magistrate judge's award of sanctions against a party for discovery violations is a nondispositive matter reviewed under the clearly erroneous or contrary to law standard. *See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988); *MMI Prods., Inc. v. Long*, 231 F.R.D. 215, 218 (D. Md. 2005); *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 448 (M.D.N.C. 2005); *On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F. Supp. 917, 920 (N.D. Cal. 1997) ("the decision of whether to impose Rule 37 sanctions for discovery violations is also considered a non-dispositive matter").

In addition, the Magistrate Judge has the authority to impose sanctions under Federal Rule of

---

[3] Notwithstanding this Court's certification that the defendant's interlocutory appeal is frivolous, the Court retains jurisdiction over pre-trial and case management issues. *See Schering Corp. v. First DataBank Inc.*, 2007 WL 1747115, at *4 (N.D. Cal. 2007); *see also Britton v. Co-op Banking Group*, 916 F.2d 1405, 1411 (9th Cir. 1990) (where an appeal is taken from a judgment which does not finally determine the entire action, the appeal does not prevent the district court from proceeding with matters not involved in the appeal).

Civil Procedure 11, as long as the sanction imposed does not amount to the disposal of a claim or defense. *See Maisonville v. F2 America, Inc*., 902 F.2d 746, 747 (9th Cir. 1990); *Giganti v. Gen-X Strategies, Inc*., 222 F.R.D. 299, 304 n.9 (E.D. Va. 2004).

The Court authorizes any further discovery the Magistrate Judge may allow or order.

Defendant Garcia's interlocutory appeal is certified as frivolous.

The Clerk of Court shall send a copy of this order to the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

January 24, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge