1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  NEAH HUYNH, State Bar No. 235377
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5720
     Fax:  (415) 703-5843
8    Email:  Neah.Huynh@doj.ca.gov

9  Attorneys for Defendant Garcia

10

11                  IN THE UNITED STATES DISTRICT COURT

12            FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                         OAKLAND DIVISION

14

15  MICHAEL A. TODD,                          Case No. C 03-3995 SBA (BZ)

16                            Plaintiff,       **DEFENDANT'S OPPOSITION
                                              TO PLAINTIFF'S REQUEST
16           v.                               FOR SANCTIONS & TO
17                                            STRIKE DEFENDANT'S
    A. LAMARQUE, et al.,                      MOTIONS IN LIMINE AND
18                                            EVIDENTIARY
                              Defendants.     OBJECTIONS**
19
                                              Pretrial Conf.:  Feb. 5, 2008
20                                            Time:  1:00 p.m.
                                              Trial Date:  Feb. 11, 2008
21                                            Time:  8:30 a.m.
                                              Courtroom:  3
22                                            Judge:  The Honorable Saundra
                                                       B. Armstrong
23

24                          **INTRODUCTION**

25      On January 29, 2008, Defendant filed a motion to accept his late filed motions in limine and

26  objections to evidence.  The same day, Plaintiff moved the Court to strike Defendant's motions

27  in limine and evidentiary objections.  In addition and in the alternative, Plaintiff moved for

28  sanctions under Rule 16(f).  (*See* Pl.'s Opp'n & Strike Def.'s Untimely Mots. Limine & Evid.

Def. Opp'n to Pl.'s Req. Sanctions & Strike Def.'s Mots. Limine & Evid. Objs.        *Todd v. Lamarque, et al.*
                                                                      Case No. C 03-3995 SBA (BZ)

1    Objs., Jan. 29, 2008.)  For the following reasons, the Court should deny Plaintiff's motion to

2    strike and for sanctions in its entirety, and grant Defendant's motion to file late his motions in

3    limine and objections to evidence.

4         Plaintiff has consistently attacked Defendant's counsel's character, and presumed to divine

5    Defendant's motives.  These attacks are untrue, incorrect, and taken out of context.  For example,

6    in the motion at issue, Plaintiff speculates that Defendant feels he is not bound by the Court's

7    orders.  (Pl.'s Mot. 2:2.)  But Defendant has already acknowledged the late filing and asked for

8    permission to file late given the unique procedural circumstances here.

9         Plaintiff's accusation is particularly ironic because Plaintiff himself is guilty of failing to

10   comply with Court rules and has sought no exemption from the rules.  For example, Plaintiff's

11   request for sanctions in his January 29, 2008 Opposition to Defendant's Request for Late filing is

12   improper.  Under this Court's local rules, motions for sanctions must be separately noticed within

13   the regular period for motions practice.  N.D. Civ. L. R. 7-8.  But Plaintiff's motion is not

14   separately noticed and does not provide for the requisite briefing period or hearing.  Moreover,

15   Plaintiff did not attempt to meet and confer with Defendant's counsel before seeking this relief.

16   Further, to the extent Plaintiff seeks sanctions under Rule 37, Plaintiff has failed to comply with

17   Local Rule 37-3.  *See* Fed. R. Civ. P. 16(f) (stating that sanctions can include those provided for

18   under Rule 37).

19        And this is not the first time Plaintiff has failed to follow the Court's rules.  For example, on

20   November 1, 2007, Plaintiff served Defendant's counsel with a notice designating Dr. Roberts as

21   a rebuttal expert.  (*See* Def.'s Mot. Lim. No. 6, 3-4, Jan. 28, 2008.)  Not only was this service

22   defective because it was effected after the close of discovery, but Plaintiff also "filed" the

23   rebuttal designation with the Court, despite the fact that Federal Rule of Civil Procedure 5(d)

24   prohibits such a filing. *Id.*; Fed. R. Civ. P. 5(d) (stating, in relevant part, that expert disclosures

25   under Rule 26(a)(2) "must not be filed" with the court unless they fall under an enumerated

26   exception or the court orders otherwise).  If Plaintiff's supposed concern over following the

27   Court's rules were genuine, one would expect him and his counsel to follow them.

28   ///

Def. Opp'n to Pl.'s Req. Sanctions & Strike Def.'s Mots. Limine & Evid. Objs.        *Todd v. Lamarque, et al.*
                                                                          Case No. C 03-3995 SBA (BZ)

## ARGUMENT

### I.    Defendant's Late Filings Were Justified.

Plaintiff bases his opposition to Defendant's request to allow late filing on a disagreement with Defendant's assessment of the jurisdictional issue. In fact, a long line of cases supports Defendant's position that the Court lacked jurisdiction after Defendant filed his notice of appeal. For example, in *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990), the court held that "[A]n interlocutory appeal from an order refusing to dismiss on . . . qualified immunity grounds . . . divests the district court of jurisdiction to proceed with *any part of the action* against an appealing defendant." (emphasis added). This divestiture of jurisdiction is consistent with the general rule that qualified immunity is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself. *See Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985).

Additionally, Defendant's position that the District Court did not regain jurisdiction until January 24, 2008, when it certified the appeal is frivolous, is also amply supported by the caselaw. As the Tenth Circuit explained, "[I]t is the district court's *certification* of the defendant's appeal as frivolous or forfeited rather than merely the *fact* that the appeal is frivolous which allows the district court to retain jurisdiction to conduct a trial." *Stewart*, 915 F.2d at 577 (citing *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989) and *U.S. v. Hines*, 689 F.2d 934 (10th Cir. 1982)) (emphasis in original). The lesson from these cases is that "Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed." *Id.*

However, irrespective of the ultimate conclusion on this issue, the fact remains that Defendant has demonstrated good faith in responding to the Court's orders once the Court certified that the appeal is frivolous. Defendant filed three motions in limine on Friday, January 25, 2008—the day after the Court certified the appeal as frivolous. The remaining motions in limine were filed the next court day, Monday, January 28, 2008.

///

///

Def. Opp'n to Pl.'s Req. Sanctions & Strike Def.'s Mots. Limine & Evid. Objs.    *Todd v. Lamarque, et al.*
Case No. C 03-3995 SBA (BZ)

## II. Defendant's Late Filings Were Harmless.

As Defendant stated in the motion to allow late filing of his motions in limine, Defendant does not oppose allowing Plaintiff until February 4, 2008 to file his opposition to the late-filed motions in limine and objections to evidence. Fully aware of this, Plaintiff nevertheless filed such oppositions on the evening of January 29, 2008. Thus, the late filings were harmless. To the extent the Court finds it appropriate, Defendant does not oppose Plaintiff's request to file "supplemental oppositions," as long as they are filed on or before February 4, 2008. (Pl.'s Mot. 2:20-22.)

## III. Plaintiff's Request for Sanctions Should be Denied Because Plaintiff Failed to Comply With the Applicable Rules and Because the Request Lacks Merit.

Plaintiff suggests that some type of sanction is appropriate for Defendant's late-filed motions in limine and objections to evidence. However, as noted above, Plaintiff has not complied with the requisite guidelines in seeking sanctions because he has not separately noticed the motion, did not provide the requisite briefing period, and did not seek to meet and confer before requesting this relief. N.D. Civ. L.R. 7-8. Moreover, sanctions are not warranted under the applicable standard.

Under Rule 16(f), the Court can "make such orders . . . as are just." In this case, it would not serve the ends of justice for the Court to strike Defendant's motions in limine and objections to evidence because it would simply lead to a complication of trial proceedings. Similarly, monetary sanctions are not warranted in this case. Plaintiff has not argued that he incurred extra expense as a result of the late-filed motions. In fact, Plaintiff would have had to incur the same expense for responding to the motions had they been timely filed. Moreover, sanctions in this case are not appropriate because the late filings were "substantially justified" in light of the jurisdictional issue.

/ / /

/ / /

Def. Opp'n to Pl.'s Req. Sanctions & Strike Def.'s Mots. Limine & Evid. Objs.    *Todd v. Lamarque, et al.*
Case No. C 03-3995 SBA (BZ)

4

1

**CONCLUSION**

2    For the foregoing reasons, Defendant respectfully requests that the Court grant his motion to

3    allow the late-filed motions in limine and objections to evidence.  Similarly, the Court should

4    deny Plaintiff's request to strike these filings and the request for sanctions.

5    Dated: January 31, 2008

6    Respectfully submitted,

7    EDMUND G. BROWN JR.
Attorney General of the State of California

8    DAVID S. CHANEY
Chief Assistant Attorney General

9

FRANCES T. GRUNDER
Senior Assistant Attorney General

10

THOMAS S. PATTERSON
11    Supervising Deputy Attorney General

12

/s/ Neah Huynh
13

NEAH HUYNH
14    Deputy Attorney General
Attorneys for Defendant Garcia

15

16

40212633.wpd
17    SF2004400014

18

19

20

21

22

23

24

25

26

27

28

Def. Opp'n to Pl.'s Req. Sanctions & Strike Def.'s Mots. Limine & Evid. Objs.    *Todd v. Lamarque, et al.*
Case No. C 03-3995 SBA (BZ)