**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MICHAEL A. TODD,

    Plaintiff,

 v.

A. LAMARQUE, *et al.*,

    Defendants.

No. C 03-3995 SBA

**ORDER**

[Docket Nos. 236-43, 260-61, 263, 268, 273, 279, 291, 297, 311]

Before the Court are plaintiff Michael A. Todd's eight motions in limine [Docket Nos. 236-43], defendant R. C. Garcia's six motions in limine [Docket Nos. 260-61, 263, 268, 273, 279], Garcia's Motion to Allow Late Filing of Motions in Limine and Objections to Evidence [Docket No. 291], Todd's Opposition to and Request to Strike Defendant's Untimely Motions in Limine and Evidentiary Objections [Docket No. 297], Garcia's Objections to Todd's Designation of Discovery Excerpts and Related Exhibits [Docket No. 267], and Garcia's Ex Parte Motion to Shorten Time on Motion to Reopen Discovery for the Limited Purpose of Deposing Dr. Colleen Fluharty Heise, M.D. [Docket No. 311]. After reading and considering the papers presented, and the argument of counsel at the hearing hereon held on February 5, 2008, the Court rules as follows.

**1. Todd's Motions in Limine**

With regards to Todd's Motion in Limine No. 1 to Exclude Evidence of and Reference to His Prior Convictions, the Court GRANTS in part, DENIES in part, and RESERVES in part the motion, as follows. The Court shall bifurcate the trial into a liability phase and a damages phase. As to the former phase, the motion is GRANTED, and Todd may stipulate that as to the offense for which he was in Salinas Valley State Prison, on January 29, 2002, it was an offense punishable by imprisonment in excess of one year. As for the latter phase, the Court RESERVES judgment on this motion, until Garcia provides a proffer regarding the use of Todd's prior convictions and their underlying facts in this phase. The motion is DENIED with respect to the admission of the fact that

///

Todd has a misdemeanor conviction under section 148.9 of the California Penal Code, which fact may be used in either phase.

With regards to Todd's Motion in Limine No. 2 to Exclude Reference by Defendant to Plaintiff's Alledged Prison Rules Violations, the Court GRANTS in part, DENIES in part, and RESERVES in part, the motion, as follows. As for the liability phase of the trial, the motion is GRANTED. As for the liability phase of the trial, the Court RESERVES judgment on this motion, until Garcia provides a proffer regarding the use of Todd's alleged prison rules violations in this phase.

With regards to Todd's Motion in Limine No. 3 to Exclude Reference to the Convictions of All Prisoner Witnesses, the Court GRANTS the motion, and the prisoner witnesses may stipulate that they have one or more offenses punishable by imprisonment in excess of one year.

With regards to Todd's Motion in Limine No. 4 to Preclude (or Limit the Scope of) Defense "Rebuttal" Expert Dr. Adam Goldyne, the Court GRANTS the motion, but only to the extent it restates the Court's order dated October 25, 2007 [Docket No. 148].

With regards to Todd's Motion in Limine No. 5 to Exclude Testimony by Defense Expert Tristan in Its Entirety, and to Exclude Portions of Dr. Goldyne's Proposed Testimony, on the Ground that such Testimony Impermissibly Rests upon Determinations Concerning the Credibility of Plaintiff's Witnesses, the Court GRANTS in part and DENIES in part the motion, as follows. The motion is GRANTED in that neither Todd's nor Garcia's expert witnesses shall testify as to any person's credibility. The motion is DENIED in that, during the damages phase, Dr. Goldyne may testify regarding Todd's medical or criminal history, subject to the Federal Rules of Evidence.

With regards to Todd's Motion in Limine No. 6 to Exclude Evidence of His No Contest Pleas to "Resisting," the Court GRANTS the motion.

With regards to Todd's Motion in Limine No. 7 to Exclude Evidence of Prior Nolo Plea and Battery Conviction Related to the Incident, the Court GRANTS in part and DENIES in part the

///

1 | motion, as follows. Todd may stipulate he was convicted for an offense punishable by
2 | imprisonment in excess of one year.

With regards to Todd's Motion in Limine No. 8 to Exclude Defendant's Late Disclosed Witnesses Whose Testimony Would Be Irrelevant and Inadmissible, the Court GRANTS the motion.

**2.     Garcia's Motions in Limine**

With regards to Garcia's Motion in Limine No. 1: Bifurcation of Liability and Punitive Damages, the Court DENIES the motion.

With regards to Garcia's Motion in Limine No. 2 to Preclude Lay Witnesses from Testifying Regarding Seizure or Concussion, the Court GRANTS in part and DENIES in part the motion, as follows. The Court GRANTS the motion with regards to the term "concussion." The Court DENIES the motion with regards to the term "seizure," in that lay witness may use this term if a proper foundation is provided.

With regards to Motion in Limine No. 3 re: Green Wall and Code of Silence Evidence, the Court RESERVES judgment.

With regards to Motion in Limine No. 4 to Exclude Witnesses Not Disclosed in Discovery and Under FRE 402 & 403, the Court GRANTS in part and DENIES in part the motion, as follows. The Court DENIES the motion with respect to Valerie Delgadillo, Marsha Zoslocki, Mark Merviss. The Court GRANTS the motion with respect to Tina Gonzales, Roderick Hickman, Jeanne Woodford, and John Dovey, and instructs Todd to instead get a custodian of records from the California Department of Corrections and Rehabilitation.

With regards to Motion in Limine No. 5 to Exclude Plaintiff's Expert, Edward J. Caden, the Court DENIES the motion.

With regards to Motion in Limine No. 6 to Limit the Scope of the Testimony of Plaintiff's Expert Dr. Ronald Roberts, the Court GRANTS the motion.

///
///
///

**3.     Other Motions**

With regards to Garcia's Motion to Allow Late Filing of Motions in Limine and Objections to Evidence, the Court GRANTS the motion with regards to Garcia's fifth and sixth motions in limine, and notes it is moot in regards to his other motions in limine, as they were timely filed.

With regards to Todd's Opposition to and Request to Strike Defendant's Untimely Motions in Limine and Evidentiary Objections, the Court DENIES the request to strike, and DENIES the request for monetary sanctions.

With regards to Garcia's Objections to Todd's Designation of Discovery Excerpts and Related Exhibits, the Court RESERVES judgment.

With regards to Garcia's Ex Parte Motion to Shorten Time on Motion to Reopen Discovery for the Limited Purpose of Deposing Dr. Colleen Fluharty Heise, M.D., the Court GRANTS the motion.

IT IS SO ORDERED.

February 12, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge