**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL A. TODD, | No. C 03-3995 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 370 & 396] |
| A. LAMARQUE, *et al.*, | |
| Defendants. | |

Before the Court is the California Department of Corrections and Rehabilitation's Response and Objections to Subpoena of Lieutenant James McCall (the "Objections") [Docket No. 370] and plaintiff Michael A. Todd.'s Motion to Compel Production of Documents and Live Testimony of James McCall (the "Motion") [Docket No. 396]. For the following reasons, the Court OVERRULES the objections and GRANTS the Motion.

## BACKGROUND

On February 8, 2008, plaintiff issued a subpoena to James McCall, an employee of the California Department of Corrections and Rehabilitation (the "CDCR") at the Salinas Valley State Prison (the "SVSP"), commanding him to appear to testify at trial, on February 27, 2008, at 8:30 a.m., and to produce certain documents, in court, on February 11, 2008, at 8:30 a.m. The subpoena requested McCall produce:

> All documents found in files concerning any investigation in which R.C. Garcia, F. Chavez, P. Lord, C. Cuykendall, R. Binkele, D.T. Jamison, Michael Collier, Greg Salazar and/or Gary Jordan was a subject, including without limitation the investigation files concerning these people for which you or others in your office had "hits" during the document search described by you during your testimony on January 31, 2008.

///

///

**ANALYSIS**

The CDCR objects on the following grounds:

**I.   Date for Production of February 11, 2008**

The CDCR claims "it would appear" the date came from a prior subpoena, and was not changed. The CDCR claims this date does not allow a "reasonable" time for compliance as required by Rule 45(c)(3)(A)(i), which states "On timely motion, the issuing court must quash or *modify* a subpoena that: (i) fails to allow a reasonable time to comply ...." Fed. R. Civ. P. 45(c)(3)(A)(i) (emphasis added).

The Court notes the CDCR did not file an objection until February 15, 2008, four days after production was due. The parties and the CDCR have been involved in discovery issues over these investigative files for a long, long time, which the CDCR at one time had denied existed. On January 31, 2008, in Magistrate Judge Zimmerman's courtroom, McCall testified a computer search conducted in response to an earlier subpoena had identified investigative files existed, but he had not looked in them. Plaintiff and the CDCR met-and-conferred regarding their objections, but the CDCR allegedly broke off discussions and filed a privilege log. The Court concludes it would be appropriate to modify the subpoena's production date to read February 28, 2008.

**II.   McCall is more than 100 miles away from the Court.**

The CDCR argues McCall need not appear, as he works at the SVSP, more than 100 miles away from the Court. The Court notes Rule 45(c)(3)(A) requires a court to modify or quash a subpoena, on a timely motion, when it requires a non-party to travel more than 100 miles between a court and their place of employment or if traveling presents an undue burden.[1] The Court, however,

---

[1]   Rule 45(c)(3)(A) state, in part.
     When Required. On timely motion, the issuing court must quash or modify a subpoena that:
     ....
     (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     ...; or
     (iv) subjects a person to undue burden.
Fed. R. Civ. P. 45(c)(3)(A)(i), (iv).

may overcome a 100-mile barrier, but not an undue burden, by commanding a non-party to travel to appear at trial, from anywhere within the same state as the trial, subject to Rule 45(c)(3)(B)(iii).

*Id.* rule 45(c)(3)(A)(ii). This rule provides the Court *may*, on a timely motion, quash or modify a subpoena if a non-party will incur "substantial expense to travel more than 100 miles to attend trial."[2] *Id.* rule 45(c)(3)(A)(iii). Under such circumstances, a court may alternatively, order the person appear if (1) the serving party "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship[,]" *id.* rule 45(c)(3)(C)(i); and (2) ensures the non-party will be reasonably compensated[,]" *id.* rule 45(c)(3)(C)(ii).[3]

The CDCR does not effectively argue any undue burden,[4] so the issue is the distance. In this case, plaintiff's counsel claims, the SVSP is only 105 miles from the Court, and within California. The CDCR does not argue McCall will incur a substantial expense to come to court. In fact, he previously traveled further, to San Francisco, to testify in Magistrate Judge Zimmerman's courtroom. *He also signed and returned an agreement to testify on reasonable notice,*[5] which counsel agreed to

///

---

[2] Rule 45(c)(3)(B)(iii) states:
  (B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
  ....
  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
Fed. R. Civ. P. 45(c)(3)(B)(iii).

[3] Rule 45(c)(3)(C) states:
  Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.
Fed. R. Civ. P. 45(c)(3)(C).

[4] Its only argument is if the subpoena is void on all other grounds of distance, overbroadness, and privilege, then it is an undue burden to respond to it. As the subpoena is none of these, it is thus not overbroad.

[5] If this is the case, it is unclear on what grounds the CDCR may object to subpoena commanding his appearance at trial.

3

1 provide in advance. And, counsel already paid him $170.29 for mileage and one day's testimony,

2 under Rule 45(b)(1). The Court concludes McCall should appear.

**III.    The subpoena is not overbroad.**

The CDCR argues the subpoena is overbroad, in violation of Rule 45(c)(3)(A)(iv). Rule 45(c)(3)(A)(iv) states, "On timely motion, the issuing court must quash or modify a subpoena that: [¶] ... [¶] (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). The CDCR claims the request has no time limit nor identifies any specific documents. The CDCR also claims the evidence sought lacks relevancy, admissibility, and is not specifically identified, in violation of *U.S. v. Nixon*, 418 U.S. 683 (1974).

The Court notes the request states no time limit or identifies any specific document by name. The request, however, only asks for investigative files for certain individuals. It is unclear why the subpoena need provide a time limit or any further refinement, and the CDCR provides no legal argument in this regard. As for the *Nixon* argument, *Nixon* dealt with the standard for analyzing requests for a subpoena under Federal Rule of Criminal Procedure 17(c), which uses a higher burden and a narrower standard than that used under Federal Rule of Civil Procedure 45.[6] Thus, *Nixon* is inapposite here. The Court thus concludes the subpoena is not overbroad.

**IV.    The Eleventh Amendment**

The CDCR argues the Eleventh Amendment bars the Court from issuing a subpoena controlling on McCall, a state employee. Magistrate Judge Zimmerman already considered and rejected this argument. *See* Docket No. 149 at 1:26-2:2 (citing Docket No. 114 at 2:16-17, citing *Jones v. Tozzi*, No. CV-F-05-148 OWW/DLB, slip op., 2007 WL 1299795, *1-*4 (E.D. Cal. Apr. 30, 2007) (finding the Eleventh Amendment does not bar federal subpoenas to non-party states, as it does not put them at risk of paying a judgment for monetary damages, as an actual suit against the state might))). The Court concludes the Eleventh Amendment does not bar the subpoena.

///

---

[6]    Under Rule 17(c), a subpoena must seek relevant and admissible evidence, and not be used for a fishing expedition. *Nixon*, 418 U.S. at 699-700. In contrast, a civil subpoena may be used to seek admissible evidence or evidence which appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

///

## V. Privileges and Privacy

The CDCR raises a number of state and federal privileges and claims the disclosure of the requested records would violate guards' or inmates' privacy rights. In making this argument, the CDCR repeats the *exact same arguments* it made in Docket numbers 119 and 120. The Court notes Magistrate Judge Zimmerman already considered these arguments and rejected the ones addressing privilege, in his Order dated October 26, 2007. *See* Docket No. 149 at 2:13-3:17. He also rejected them, in part, in his Order dated July 12, 2007. *See* Docket No. 114. As for any privacy concerns, Magistrate Judge Zimmerman addressed them with his attorneys'-eyes-only order. [Docket No. 116.] The Court thus concludes it should overrule these objections.

## CONCLUSION

Accordingly, the Court OVERRULES the California Department of Corrections and Rehabilitation's Response and Objections to Subpoena of Lieutenant James McCall [Docket No. 370] and GRANTS plaintiff Michael A. Todd.'s Motion to Compel Production of Documents and Live Testimony of James McCall [Docket No. 396].

Further, McCall is ordered to comply with plaintiff's February 8, 2008 subpoena as follows: (1) he shall appear and testify at trial as commanded by this subpoena, subject to the terms of any agreement to testify on reasonable notice; and (2) he shall produce the documents requested by this subpoena, in this Court, by 8:30 a.m., on February 28, 2008; and (3) this subpoena is modified to command production on this date and at this time.

IT IS SO ORDERED.

February 27, 2008

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

5