**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

MICHAEL A. TODD,                                    No.  C 03-3995 SBA

        Plaintiff,                              **ORDER**

  v.                                                [Docket No. 420]

A. LAMARQUE, *et al.*,

        Defendants.

_____

**REQUEST BEFORE THE COURT**

      Before the Court is plaintiff Michael A. Todd's Motion to Refer Discovery Sanctions Motion to Magistrate Judge Zimmerman (the "Motion") [Docket No. 420].  Todd seeks to pursue sanctions against non-party, the California Department of Corrections and Rehabilitation (CDCR), for difficulties he experienced in dealing with the CDCR, during in discovery in his prior civil rights litigation against one of its agents, R. C. Garcia.  Todd's request turns on an August 23, 2007 subpoena he issued from this district, and served on the CDCR in Sacramento, California, in the Eastern District of California.  The Court finds this matter suitable for disposition without a hearing, under Federal Rule of Civil Procedure 78(b).  As explained below, the Court DENIES the Motion, under Federal Rule of Civil Procedure 45(a), because Todd failed to issue his subpoena from the Eastern District of California, rendering it null and void, and unenforceable by this Court.

**BACKGROUND**

      Plaintiff Todd filed suit on September 2, 2003, s*ee* Docket No. 1, under 42 U.S.C. § 1983, alleging, in part, defendant Garcia[1] used excessive force to subdue him without cause, on January 29, 2002, causing him to become unconscious and suffer a seizure.  At this time, Todd was an inmate and Garcia was a correctional officer at the Salinas Valley State Prison ("SVSP").

///

---

[1]     All other defendants sued were dismissed or prevailed on motions for summary judgment.

During discovery, on or about August 23, 2007, Todd served a subpoena on the CDCR in Sacramento.  *See* Docket No. 424, Ex. "A" at 1-2 (Decl. of William J. Hapiuk in Supp. of Pl.'s Michael A. Todd's Mot. for Discovery Sanctions against the CDCR pursuant to R. Civ. P. 37).  On this same day, he also served a subpoena on the SVSP.  *Id.*, Ex. "B" at 1-2.  He issued them from the District Court for the Northern District of California.  *Id.*, Ex. "A" at 1, Ex. "B" at 1.

On January 22, 2008, Magistrate Judge Zimmerman, to whom the Court had referred discovery, issued a Certification of Facts regarding Contempt (the "Certification").  *See* Docket No. 228.  The facts giving rise to the certification are too detailed and numerous to go into here, but are well known to the parties, the CDCR, the SVSP, and the Court.  In short summary, the Certification stated:

(1)    On October 26, 2007, Magistrate Judge Zimmerman denied the CDCR's motion to quash the subpoenas, to the extent they sought documents from 1999 through the then present, in the CDCR's or the SVSP's custody, but issued an "attorneys' eyes only" protective order.  *Id.* ¶¶ 2-3.

(2)    On December 21, 2007, he ordered the CDCR and the SVSP to produce any documents they had located in response to the subpoenas by January 10, 2007, and ordered Garcia could depose the CDCR's and the SVSP's custodians if he were unsatisfied with production.  *Id.* ¶ 4.

(3)    On January 10, 2008, he reiterated his deposition order.  *Id.* ¶ 5.

(4)    On January 16, 2008, he ordered the CDCR and the SVSP to produce all Green Wall documents responsive to the subpoenas and provide custodians for deposition by January 18, 2008.  *Id.* ¶¶ 7-8.

(5)    On January 18, 2008, when it became apparent the CDCR and the SVSP would not produce custodians but would file objections to his orders, he issued an Order of Intent to Certify Contempt based on their prior conduct to-date.  *Id.* ¶¶ 9-10.  Later this day, plaintiffs filed a letter indicating the CDCR (not the SVSP) had failed to produce an investigative report by 5:00 p.m., as required, and it appeared the CDCR (not the SVSP) had redacted all the correctional officers' names.  *Id.* ¶¶ 10-11.

(6)    He then certified these facts so the Court could find the CDCR and the SVSP in contempt, and thus enforce his prior discovery orders.  *Id.* at 4:24-55.

2

A pre-trial conference was held on February 5, 2008.  *See* Docket No. 355.  On February 8, 2008, Todd filed a Motion for Imposition of Sanctions.  *See* Docket Nos. 342-43.  In it, Todd asked the Court, under Federal Rule of Civil Procedure 37, to inform the jury the CDCR had violated Magistrate Judge Zimmerman's discovery orders.  *See* Docket No. 343 at 1:1-6.  In this motion, Todd did not mention the SVSP.  *See id.*  Todd argued the instruction was needed because he was prejudiced by the CDCR's willful and flagrant violations of the orders, *id.* at 6-7, and to deter future similar conduct by the CDCR, *id.* at 6-10.  Because Todd filed this motion less than 35 days prior to trial, he did not notice it for a hearing, but instead filed an ex parte application to shorten its hearing period.  *See* Docket No. 339.  On February 19, 2008, the Court denied his ex parte application.  *See* Docket No. 373.

This same day, Todd filed Second Motion for Imposition of Sanctions, noting that during trial, he would argue for the jury instruction he requested in his first Motion for Imposition of Sanctions.  *See* Docket No. 374 at 1-2.  Todd argued by raising the actual motion during trial, under civil local rule 7-2, he would avoid the 35-day notice period.  *Id.* at 2.  Trial began on February 27, 2008.  *See* Docket No. 399.  The parties settled during trial, on March 5, 2008, and Todd dismissed his case with prejudice.  *See* Docket No. 414.  On March 11, 2008, the parties filed a stipulated proposed order that as part of the settlement, Todd had reserved his claims for discovery sanctions against the CDCR, and requested the Court retain limited jurisdiction over them.  *See* Docket Nos. 415-16.  The Court denied this proposed order.  *See id.*

On April 18, 2008, Todd filed the Motion at issue here and a Motion for Sanctions [Docket No. 419].  Todd's new Motion for Sanctions largely makes the same allegations he made against the CDCR, in his earlier pre-trial motion, in which he sought a jury instruction regarding the CDCR's failure to cooperate in discovery.  *See* Mot. at 1-7; Docket No. 343 at 2-6.  His new motion for sanctions, like his prior motion for sanctions, for the most part, largely ignores the SVSP.

///

///

///

///

1

**LEGAL STANDARD**

2    The version of Federal Rule of Civil Procedure 45, in effect on August 23, 2007, required a

3  party *issuing* a subpoena to distinguish between the court where their matter was *pending* and the

4  court from which the subpoena *issued*, if different.[2]  As the rule stated, in part:

5         (a)    *Form; Issuance.*

6                (1)    Every subpoena shall[:]

7                       (A)    state the name of the court from which it *issued*; and

8                       (B)    state ... the name of the court in which it is *pending* ...; and

9                       (C)    command each person to whom it is directed to attend and give

10     testimony or to produce and permit inspection, copying, testing, or sampling of

11     designated books, documents, electronically stored information, or tangible things in

12     the possession, custody or control of that person ...; and

13                            (D) set fort the text of subdivisions (c) and (d) of this rule.

14  Fed. R. Civ. P. 45(a)(1) (repealed December 1, 2007) (emphasis added).

15     The reason for this distinction was because subpoenas to appear or to produce discovery

16  have traditionally *issued* from the district court encompassing the location of the deposition or

17  production.  Thus, Rule 45(a)(2) stated:

18         (2)    A subpoena must issue as follows:

19                (A)    for attendance at a trial or hearing, from the court for the district where

20     the trial or hearing is to be held;

21                (B)    for attendance at a deposition, from the court for the district where the

22     *deposition is to be taken* ...; and

23                (C)    for production, inspection, copying, testing, or sampling, if separate

24     from a subpoena commanding a person's attendance, from the court for the district

25     *where the production or inspection is to be made.*

26

27  [2]    The current rule, effective December 1, 2007, is substantively the same as its predecessor,
though its language or structure may be different in places.  Advisory committee notes for 2007
28  amendment to Fed. R. Civ. P. 45.

4

1      ....

2      *Id.* 45(a)(2) (emphasis added).

3           Likewise, Rule 45(a)(3) provided an attorney could issue a subpoena by signing it on behalf

4      of a court where he or she was authorized to practice, or on behalf of a court for a district in which a

5      deposition or production was compelled by the subpoena, if the deposition or production pertained

6      to an action pending in a court in which the attorney were authorized to practice.  *Id.* 45(a)(3).

7           Under these rules, courts have held a subpoena is void and unenforceable, if issued from a

8      district court which does not encompass the location of a deposition or production identified in the

9      subpoena.  *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 304-06 (N.D. Ohio 2002);

10     *Kupritz v. Savannah Coll. of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994) (subpoena issued in

11     violation of this rule is a "nullity").

12          This is reinforced by Rule 45's contempt provision, which states, the "[f]ailure of any person

13     without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of

14     the court from which the subpoena *issued*."  Fed. R. Civ. P. 45(e) (emphasis added).

15          In addition, the only way a party may take a non-party's deposition, is by a subpoena

16     properly issued under Rule 45.  Federal Rule of Civil Procedure 30 governs the deposition process.

17     The version in effect on December 21, 2007,[3] when the CDCR was ordered to appear for one, stated

18     a "deponent's attendance may be compelled by subpoena under Rule 45."  Fed. R. Civ. P. 30(a)(1).

19     Likewise, Rule 30(g) provided if a party attended a deposition, they could recover their expenses of

20     attending, if the noticing party failed to attend and proceed with the deposition, or failed to serve a

21     subpoena on a nonparty deponent who consequently did not attend.  *Id.* 30(g);  *Greenwood v.*

22     *Dittmer*, 776 F.2d 785, 790 (8th Cir. 1985).

23          Lastly, the current Rule of Federal Civil Procedure 37(b), which provides for discovery

24     sanctions, also recognizes the distinction between the district where an action is *pending* and where

25     *discovery is taken*.  Rule 37(b)(1) provides, "*Sanctions in the District Where the Deposition Is*

26     *Taken*.  If the court where the *discovery is taken* orders a deponent to be sworn or to answer a

27

28     [3]      This is the current version in effect, as well.

5

1   question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R.

2   Civ. P. 37(b)(1) (emphasis added).

3       In contrast, Rule 37(b)(2)(A) provides:

4       (2) *Sanctions in the District Where the Action Is Pending.*

5           (A) *For Not Obeying a Discovery Order.*  If a party or a party's officer,

6       director, or managing agent--or a witness designated under Rule 30(b)(6) [pursuant to

7       a notice or subpoena to an organization] or 31(a)(4) [pursuant to a notice or subpoena

8       to an organization regarding a deposition by written questions]--fails to obey an order

9       to provide or permit discovery, including an order under Rule 26(f) [regarding the

10      parties' discovery conference], 35 [regarding a party's mental or physical

11      examination], or 37(a) [regarding a motion to compel discovery], the court where the

12      action is pending may issue further just orders.

13  *Id.* 37(b)(2)(A).[4]

14                                **ANALYSIS**

15      The Court denies Todd's Motion quite simply because there are no grounds on which to find

16  the CDCR in contempt or sanction it.  Todd issued a subpoena to the CDCR, in Sacramento, in the

17  Eastern District, commanding it to produce records for his inspection.  He issued his subpoena,

18  however, not from the Eastern District, but from the Northern District.  As it was not issued in

19  compliance with Rule 45(a)(2), it was void and the CDCR had no duty to respond to it. *Donahoo*,

20  211 F.R.D. at 304-06; *Kupritz*, 155 F.R.D. at 88.  Nor may either the Eastern District, from where it

21  should have issued, but did not, nor this Court, from where it did issue, but should not have issued,

22  find the CDCR in contempt, under Rule 45(e), for failing to respond to a null subpoena.

23      Likewise, there is no basis for holding the non-party CDCR in contempt, under Rule 45(e),

24  for failing to attend and testify at a deposition, as ordered by a magistrate, where it was never served

25  with a deposition subpoena, under Rule 45, compelling it to attend and testify, under Rule 30(a)(1)

26  and (b)(6).

27  ────────────────

28  [4]      Rule 37(b)(2)(B) addresses compelling a party to appear at a mental or physical examination, and is thus inapplicable here.

                                6

1    Lastly, Todd may not obtain a contempt ruling under Rule 37, because under Rule 37(b)(1),

2    only a failure to appear as ordered by *the district court embracing the location of the deposition,*

3    may be treated as a contempt.  Nor may he obtain sanctions under Rule 37(b)(2)(A), because they

4    are only available against a non-party organization if it received a proper subpoena under Rule

5    30(b)(6) and was subject to a proper motion to compel under Rule 37(a).  In this regard, the Court

6    notes a motion to compel against a non-party must be taken in the district where the discovery is or

7    will be taken.  Fed. R. Civ. P. 37(a)(2).  Thus, because Todd never properly subpoenaed the CDCR,

8    nor filed a motion to compel against them in the Eastern District, he may not seek sanctions against

9    them, under Rule 37(b)(2)(A).  Thus, as there are no grounds under Rule 37 on which to sanction the

10   CDCR, nor any grounds under Rule 45 on which to find the CDCR in contempt, the Court denies

11   Todd's Motion.

**CONCLUSION**

13   Accordingly, the Court DENIES Todd's Motion to Refer Discovery Sanctions Motion to

14   Magistrate Judge Zimmerman [Docket No. 420].

16   IT IS SO ORDERED.

18   May 15, 2008                            _____
                                                          Saundra Brown Armstrong
                                                          United States District Judge